# EXHIBIT #2

CASE NO. 11-C-315 OPENED 7/22/2011

JUDGE... JOHN LEWIS MARKS, JR.

PLAINTIFF. CHARLES R. BYARD
VS DEFENDANT. VERIZON WEST VIRGINIA, INC.

PRO ATTY.. LARRY J. RECTOR
DEF ATTY..

| PAGE# | DATE | MEMORANDUM.............. |
|---|---|---|
| 00001 | 7/22/11 | Receipt, CCIS, Complaint, Summons returned to atty. for |
| 00002 | 7/22/11 | service. rlh |
| 00003 | 8/05/11 | Summons & Complaint accepted 08/01/11 by Sec. of State for |
| 00004 | 8/05/11 | Verizon WV Inc. bc |
| 00005 | 8/05/11 | Summons & Complaint accepted 08/01/11 by Sec. of State for |
| 00006 | 8/05/11 | Frontier WV Inc. bc |
| 00007 | 8/05/11 | Summons & Complaint accepted 08/01/11 by Sec. of State for |
| 00008 | 8/05/11 | Verizon Services Corp. bc |
| 00009 | 8/05/11 | Summons & Complaing accepted 08/01/11 by Sec. of State for |
| 00010 | 8/05/11 | Verizon Communications, Inc. bc |
| 00011 | 8/10/11 | Cert.Mail e-cert. from Sec. of State 8/3/11 to Verizon Serv. |
| 00012 | 8/10/11 | Corp. signed by Terry Stamper. rb |
| 00013 | 8/10/11 | Cert.Mail e-cert. from Sec. of State 8/5/11 to Verizon |
| 00014 | 8/10/11 | Communications Inc. S. Harris. rb |
| 00015 | 8/10/11 | Cert.Mail e-cert. from Sec. of State 8/3/11 to Frontier |
| 00016 | 8/10/11 | WV Inc. signed by Terry Stamper. rb |
| 00017 | 8/10/11 | Cert.Mail e-cert. from sec. of State 8/3/11 to Verizon WV |
| 00018 | 8/10/11 | Inc. signed by Terry Stamper. rb |

NUMBER: 163267 July 22, 2011

Received of STEPTOE & JOHNSON, PLLC $155.00

The exact sum of One Hundred Fifty Five Dollars and No Cents

Plaintiff: CHARLES R. BYARD
Defendant: VERIZON WEST VIRGINIA, INC.

Payment type: Check Check# 388870

Case number: 11-C-315 Div: 1

Transaction conducted at: DONALD L. KOPP II, CLERK

HARRISON COUNTY COURTHOUSE
CLARKSBURG, WV 26301

Deputy ______________

DISTRIBUTION OF FUNDS...

| | | | |
|---|---|---|---|
| 1001 CLERKS FEES | 20.00 | 4003 REGIONAL JAIL AUTHOR | 60.00 |
| 4009 COURT SECURITY FUND- | 5.00 | 4020 COURTHOUSE FACILITIE | 30.00 |
| 3010 DOMESTIC VIOLENCE SH | 10.00 | 4021 RJO PARTIAL REIMBURS | 20.00 |
| 4014 DOMESTIC VIOLENCE-LE | 10.00 | | |

# CIVIL CASE INFORMATION STATEMENT
# CIVIL CASES

In the Circuit Court, HARRISON County, West Virginia

I. CASE STYLE:

Plaintiff(s)

Case # 11-C-315-1

Judge Marks

CHARLES R. BYARD, DAVID M. BROSIOUS,
KIMBERLY A. RAY, STEPHANIE SNOW-MCKISIC,
LISA M. THARP, and LYNET WHITE
c/o LARRY J. RECTOR, ESQUIRE
STEPTOE & JOHNSON PLLC
400 WHITE OAKS BOULEVARD
BRIDGEPORT, WV 26330

vs.

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| VERIZON WEST VIRGINIA, INC. | 30 | Secretary of State |
| FRONTIER WEST VIRGINIA, INC. | 30 | Secretary of State |
| VERIZON SERVICES CORP. | 30 | Secretary of State |
| VERIZON COMMUNICATIONS, INC. | 30 | Secretary of State |
| JODI DENNIS | 20 | Private Process Server |
| MARY FREDERICK | 20 | Private Process Server |
| CODY STEWART | 20 | Private Process Server |
| CORBY MILLER | 30 | Accepted by Counsel |
| BARBARA TERWILLIGER | 20 | Private Process Server |
| BOB ANDERSON | 20 | Private Process Server |
| TAMMY MASON | 20 | Private Process Server |
| DAWN WATSON | 20 | Private Process Server |
| MICHAEL HATHAWAY | 20 | Private Process Server |

Original and 13 copies of complaint furnished herewith.

5812361

| | |
|---|---|
| PLAINTIFFS: CHARLES R. BYARD, DAVID M. BROSIOUS, KIMBERLY A. RAY, STEPHANIE SNOW-MCKISIC, LISA M. THARP, LYNET WHITE and DIANE FINDLEY<br>DEFENDANTS: VERIZON WEST VIRGINIA, INC., FRONTIER WEST VIRGINIA, INC., VERIZON SERVICES CORP., VERIZON COMMUNICATIONS, INC., JODI DENNIS, MARY FREDERICK, CODY STEWART, CORBY MILLER, BARBARA TERWILLIGER, BOB ANDERSON, TAMMY MASON, DAWN WATSON and MICHAEL HATHAWAY | CASE NUMBER: 11-C-315-1 |

II. TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☒ Other/ Wrongful discharge |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

III. JURY DEMAND: ☑ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (*Month/Year*): FEBRUARY / 2011

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ☐ Yes ☑ No

☐ Wheelchair accessible hearing room and other facilities.

☐ Interpreter or other auxiliary aid for the hearing impaired.

☐ Reader or other auxiliary aid for the visually impaired.

☐ Spokesperson or other auxiliary aid for the speech impaired.

☐ Other: ________________.

*Attorney Name:* *LARRY J. RECTOR (W.V. Bar #6418)*

*Firm:* *Steptoe & Johnson PLLC*

*Address:* *400 White Oaks Boulevard*

*Bridgeport, WV 26330*

*Telephone:* *(304) 933-8000*

*Representing:*

☑ *Plaintiffs* ☐ *Defendants*

☐ *Cross-Complainant* ☐ *Cross-Defendant*

*Dated:* *July 22, 2011*

*Signature*

☐ *Pro Se*

5812361

7

**IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA**

**CHARLES R. BYARD, DAVID M. BROSIOUS, KIMBERLY A. RAY, STEPHANIE SNOW-MCKISIC, LISA M. THARP, and LYNET WHITE, Individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO.:** 11-C-315-1
**Judge** Marks

**VERIZON WEST VIRGINIA, INC., FRONTIER WEST VIRGINIA, INC., VERIZON SERVICES CORP., VERIZON COMMUNICATIONS, INC., JODI DENNIS, MARY FREDERICK, CODY STEWART, CORBY MILLER, BARBARA TERWILLIGER, BOB ANDERSON, TAMMY MASON, DAWN WATSON, and MICHAEL HATHAWAY,**

**Defendants.**

**WEST VIRGINIA WAGE PAYMENT AND COLLECTION ACT CLASS ACTION COMPLAINT (JURY TRIAL DEMANDED)**

COME NOW the Plaintiffs, on behalf of themselves and all others similarly situated, by counsel, pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, and state the following Class Action Complaint against the Defendants:

**NATURE OF THE ACTION**

This is an action brought under the West Virginia Wage Payment and Collection Act (the "WPCA"), Sections 21-5-1 et seq., to correct unlawful payroll practices based upon the Defendants' failure to pay for all compensable work time and to provide appropriate relief to Plaintiffs and a class of aggrieved persons who were adversely affected by such practices. As alleged with greater particularity in the paragraphs below, the Plaintiffs allege that Defendants

Verizon West Virginia, Inc., Frontier West Virginia, Inc., Verizon Services Corp., and Verizon Communications, Inc. (hereinafter collectively referred to as "Verizon") and Jodi Dennis, Mary Frederick, Cody Stewart, Corby Miller, Barbara Terwilliger, Bob Anderson, Tammy Mason, Dawn Watson, and Michael Hathaway (hereinafter collectively referred to as "Individual Defendants") have failed to compensate the Plaintiffs and a class of current and former employees for all time worked at Verizon's Charleston and Clarksburg Call Centers. Verizon and the Individual Defendants are collectively referred to as "Defendants."

## JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under state law because these claims are brought under the West Virginia Wage Payment and Collection Act, W.Va. Code §§ 21-5-1, et.seq.

## NO FEDERAL JURISDICTION

2. This state Court has subject matter jurisdiction over the claims set forth in this Complaint as the claims do not arise under federal law. The Plaintiffs seek no relief under any federal laws or regulations, assert no federal claims, and withdraw any asserted state law claims that are preempted by federal law. No claims asserted herein should be understood to require interpretation of any collective bargaining agreement, to the extent interpretation of a collective bargaining agreement is required said claims are withdrawn. Any policies or practices alleged herein are not the result of collective bargaining. Plaintiffs' prima facie case will not require reference to or interpretation of a collective bargaining agreement.

3. Upon information and belief, this action does not meet the prerequisites for removal under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d),

1453, because this is not an action in which any member of the class is a citizen of a state different from any individual Defendant and any diverse corporate Defendant results in only minimal diversity. If, however, the minimum prerequisites for CAFA jurisdiction are met, then the Federal Court should decline to exercise jurisdiction under the "home state," "local controversy" and/or "discretionary" exceptions to the exercise of jurisdiction found in Sections 1332 (d)(3) and (4). Indeed, Defendants are judicially estopped from maintaining that Verizon Communications, Inc.'s presence in this action constitutes anything other than "minimal" diversity.

4. In the event that the Defendants remove this Class Action to a Federal Court and said Federal Court retains jurisdiction over this matter, then the Plaintiffs affirmatively seek leave to amend their Complaint to allege additional violations of federal law which provide for a longer statutes of limitation period, as well as additional remedies which may or may not be available to the Class in this Action. In this Complaint the Plaintiffs do not pursue said federal claims but reserve their right to amend this Complaint at an appropriate time should a Federal Court deny a motion to remand this matter to State Court following removal. Additionally, if this case is removed and a Federal Court retains jurisdiction, then Plaintiffs will also seek leave to amend to expand the geographical scope of this Class. Defendants will not be prejudiced by said amendment as it will be their decision as to whether the amendment is pursued.

## VENUE

5. Venue is proper in the Circuit Court of Harrison County, West Virginia because a substantial part of the events or omissions giving rise to the claims occurred in this County.

**PARTIES**

6. Plaintiffs, and those current and former employees similarly situated, were or are employed by Defendants as Call Center Employees in the Charleston and Clarksburg, West Virginia Call Centers within the last five years. Plaintiffs currently are citizens and residents of West Virginia and at the time the cause of action accrued, Plaintiffs were residents of West Virginia. Other members of the Class include current employees at Defendants' Charleston and Clarksburg, West Virginia Call Centers.

7. Plaintiff Charles R. Byard ("Plaintiff Byard") is a former employee of Defendant. Defendant employed Plaintiff Byard as a customer service representative at its Clarksburg, West Virginia Call Center from approximately October 25, 1999 to June 27, 2009. Plaintiff Byard is a citizen and resident of the city of Clarksburg, county of Harrison, state of West Virginia.

8. Plaintiff David M. Brosious ("Plaintiff Brosious") is a former employee of Defendant. Defendant employed Plaintiff Brosious as a customer service representative at its Clarksburg, West Virginia Call Center from approximately December 5, 2005 to June 26, 2009. Plaintiff Brosious is a citizen and resident of the city of Clarksburg, county of Harrison, state of West Virginia.

9. Plaintiff Kimberly A. Ray ("Plaintiff Ray") is a former employee of Defendant. Defendant employed Plaintiff Ray as a customer service representative at its Clarksburg, West Virginia Call Center from approximately December 1, 2003 to June 23, 2009. Plaintiff Ray is a citizen and resident of the city of Clarksburg, county of Harrison, state of West Virginia.

10. Plaintiff Stephanie Snow-Mckisic ("Plaintiff Snow-Mckisic") is a former employee of Defendant. Defendant employed Plaintiff Snow-Mckisic as a customer service representative at its Clarksburg, West Virginia Call Center from approximately December 28, 1997 to June 27, 2009. Plaintiff Snow-Mckisic is a citizen and resident of the city of Clarksburg, county of Harrison, state of West Virginia.

11. Plaintiff Lisa M. Tharp ("Plaintiff Tharp") is a former employee of Defendant. Defendant employed Plaintiff Tharp as a customer service representative at its Clarksburg, West Virginia Call Center from approximately March 13, 2000 to June 26, 2009, and at its Charleston Call Center on an intermittent basis. Plaintiff Tharp is a citizen and resident of the city of Clarksburg, county of Harrison, state of West Virginia.

12. Plaintiff Lynet White ("Plaintiff White") is a former employee of Defendant. Defendant employed Plaintiff White as a customer service representative at its Clarksburg, West Virginia Call Center from approximately December 1, 2003 to May 21, 2009. Plaintiff White is a citizen and resident of the city of Clarksburg, county of Harrison, state of West Virginia.

13. Plaintiffs are or were employees of Verizon as defined by the WPCA, § 21-5-1(b).

14. Defendant Verizon West Virginia, Inc. ("VWV") is, upon information and belief, a West Virginia corporation, maintaining its principal place of business in West Virginia. It does business as Verizon, and is engaged in the telephone communications business. It has owned and operated Call Centers in Charleston and Clarksburg, West Virginia. On July 10, 2010, Verizon West Virginia Inc. changed its name to Frontier West Virginia Inc.

15. Defendant Frontier West Virginia, Inc. ("Frontier") is, upon information and belief, a West Virginia corporation, maintaining its principal place of business in West Virginia. It does business under the trade name Verizon West Virginia, and is engaged in the telephone communications business. It has owned and operated Call Centers in Charleston and Clarksburg, West Virginia.

16. Defendant Verizon Services Corp. ("VSC") is, upon information and belief, a West Virginia corporation, maintaining its principal place of business in West Virginia. It does business as Verizon, and is engaged in the telephone communications business. It has owned and operated Call Centers in Charleston and Clarksburg, West Virginia.

17. Defendant Verizon Communications, Inc. ("Verizon Comm.") is, upon information and belief, a Delaware corporation, maintaining its principal place of business in New York City! It does business as Verizon, and is engaged in the telephone communications business. It has owned and operated Call Centers in Charleston and Clarksburg, West Virginia.

18. Upon information and belief, Defendant Jodi Dennis is a citizen and resident of West Virginia and is employed by Verizon in a supervisory capacity.

19. Upon information and belief, Defendant Mary Frederick is a citizen and resident of West Virginia and was employed by Verizon in a supervisory capacity until her termination from employment for providing testimony in the case styled *Katherine A. Rowh v. Verizon Communications, Inc., et al.*, Civil Action No.: 09-C-314-3.

20. Upon information and belief, Defendant, Cody Stewart is a citizen and resident of West Virginia and is employed by Verizon in Harrison County, West Virginia in a supervisory capacity.

21. Upon information and belief, Defendant, Corby Miller is a citizen and resident of West Virginia and was employed by Verizon in Harrison County, West Virginia in a supervisory capacity.

22. Upon information and belief, Defendant, Barbara Terwilliger is a citizen and resident of West Virginia and is employed by Verizon in Harrison County, West Virginia in a supervisory capacity.

23. Upon information and belief, Defendant, Bob Anderson is a citizen and resident of West Virginia and was employed by Verizon in Harrison County, West Virginia in a supervisory capacity.

24. Upon information and belief, Defendant, Tammy Mason is a citizen and resident of West Virginia and is employed by Verizon in Harrison County, West Virginia in a supervisory capacity.

25. Upon information and belief, Defendant, Dawn Watson is a citizen and resident of West Virginia and is employed by Verizon in Harrison County, West Virginia in a supervisory capacity.

26. Upon information and belief, Defendant, Michael Hathaway is a citizen and resident of West Virginia and is employed by Verizon in Kanawha County, West Virginia in a supervisory capacity.

27. At all relevant times, Defendants have been covered persons and/or entities within the meaning of Sections 21-5-1(a), (h), and (m).

28. Plaintiffs are informed and believe and thereon allege that, at all times mentioned herein, each and every Defendant is and was, in doing the things complained of herein, the agent of other co-Defendants herein and was active within the scope of said agency and/or representation, and that each and every Defendant herein is jointly and severally responsible and liable to Plaintiffs and members of the class for the damages hereinafter alleged.

29. All claims involving the Class have been brought and may properly be maintained as a Class Action under Rule 23 of the West Virginia Rules of Civil Procedure because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of Plaintiffs are typical of the claims of the class, and Plaintiffs will fairly and adequately protect the interests of the class. There is a well defined community of interest in the litigation and the proposed Class is easily ascertainable by examination of the employment records that Defendant maintains, including but not limited to, employee time clock reports and payroll records.

**CLASS DEFINITIONS**

30. Plaintiffs bring this action as a Class Action under the WPCA on behalf of all persons who were, are, or will be employed by Verizon as "consultants," including any of the Defendants' job positions with substantially similar titles or duties in West Virginia within five years preceding the filing of this Complaint to the date of entry of judgment, who were, are or will be required to engage in preliminary and post-liminary work activities such as booting of computers and systems and other at-work activities before or after their scheduled start and end

times without receiving compensation for such time (hereinafter the "Preliminary – Post-liminary Class").

31. Plaintiffs bring this action as a Class Action under the WPCA on behalf of all persons who were, are, or will be employed by Verizon as "Consultants," including any of the Defendant's job positions with substantially similar titles or duties in West Virginia within the five years preceding the filing of this Complaint to the date of entry of judgment, who were, are or will be required to clock in to work at any interval of time before or after their scheduled start time, but not compensated for such time due to Verizon's practice of rounding compensable time (hereinafter the "Rounding Class").

**STATE LAW CLASS ACTION ALLEGATIONS**

32. Plaintiffs reallege and incorporate by this reference all paragraphs above in this Complaint as though fully set forth herein.

33. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to Rule 23 of the West Virginia Rules of Civil Procedure. Plaintiffs and those similarly situated are individuals who were, or are, employed by Defendants in customer service and similar positions in its West Virginia Call Centers and were not paid for some or all of their work activities.

34. Plaintiffs seek to proceed as a class action pursuant to Rule 23. Plaintiffs, individually and on behalf of all similarly situated employees, seek relief on a class action basis, challenging Defendants' practices of failing to accurately record all hours worked and failing to pay for all hours worked.

35. All claims involving the Class have been brought and may properly be maintained as a Class Action under Rule 23 of the West Virginia Rules of Civil Procedure because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of Plaintiffs are typical of the claims of the class, and Plaintiffs will fairly and adequately protect the interests of the class. There is a well defined community of interest in the litigation and the proposed Class is easily ascertainable by examination of the employment records that Defendant maintains.

1. Numerosity: The Class includes numerous current and former employees of Defendants in their Charleston and Clarksburg, West Virginia Call Centers. It would be impracticable to join all Class Complainants and to bring them individually before the Court for adjudication. The members of this Class are fully ascertainable and there exists a probability that the individual members shall ultimately be available to come forward to prove their separate damage-related claims to a portion of the total class recovery, if any.

2. Manageability: The adjudication of this Complaint as a class action would result in substantial benefit in the economies of resources and time to the parties and the Court, by preventing duplicative litigation or potential inconsistencies in ultimate findings.

3. Commonality: There exists for the class a well-defined community of interest, insofar as there are common questions of both law and fact that predominate over individual interests or claims.

4. Typicality: The claims raised by the Class Representatives are substantially typical of those claims held by other Class Complainants, insofar as they have

alleged or could allege, that Defendants failed to maintain accurate payroll records and failed to compensate Plaintiffs for all hours worked.

5. Each Class Complainant has suffered harm as a result of Defendant's unlawful payroll practices.

6. Adequacy of Representation: With the assistance of the Class Representatives, the Plaintiffs shall adequately and fairly represent the legal interests of the other Class Complainants in the adjudication of their similar legal claims.

7. General Applicability: Defendants have engaged in unlawful practices which have adversely affected, in a similar manner, a class of persons, thereby making appropriate final affirmative and injunctive relief with respect to the class as a whole.

36. Superiority: This Class Complaint is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Defendants engaged in unlawful payroll practices for a lengthy period of time preceding the period covered by this Class Action but specifically covering the period of time between July 22, 2006 to July 22, 2011 (hereinafter, "Class Period"). The Plaintiffs' prosecution of separate actions by individual Class Complainants would create a risk that inconsistent or varying adjudications with respect to individual Class Complainants could result and would establish incompatible standards of conduct for Verizon and would substantially impair or impede the interests of the other Class Complainants to protect their interests.

**STATEMENT OF CLAIMS**

**PRELIMINARY AND POST-LIMINARY COMPENSATORY TIME**

37. Plaintiffs reallege and incorporate by this reference all paragraphs above in this Complaint as though fully set forth herein.

38. Plaintiffs and the similarly situated individuals are similar because their duties consisted primarily of providing customer service by telephone while working in Defendants' Charleston and Clarksburg, West Virginia Call Centers. They are also similar because Defendants did not pay them for some or all of the time worked that occurred before and/or after their scheduled shifts.

39. Defendants knowingly required Plaintiffs, and the similarly situated individuals, to perform unpaid work before and/or after their shifts. This work included, but was not limited to time spent booting-up computers, initializing software programs, setting up "call backs," and reviewing work related e-mails and intranet messages.

40. Defendants did not have any process or procedures in place whereby Plaintiffs or those similarly situated could recover this time spent working prior to and at the conclusion of their scheduled shifts. In fact, the process and procedures put in place by Defendants prohibited Plaintiffs or those similarly situated from recovering this compensable time worked.

41. Defendants' actions were knowing and willful. Defendants were aware that Plaintiffs and the similarly situated individuals were working time for which they were not compensated. For example, in training, and throughout their employment, Defendants instructed Plaintiffs to arrive before their scheduled shifts in order to perform additional responsibilities and

be ready to take calls when their scheduled shift started. In addition, if Plaintiffs and the similarly situated individuals were not ready to take a phone call at the start of their scheduled shift, their quality scores would be affected, which measured their performance.

42. Defendants were further aware that Plaintiffs and the similarly situated individuals were not being compensated for all of their time worked because Plaintiffs and the similarly situated individuals complained to management about it and Defendants have been sued for similar uncompensated work activities in various jurisdictions throughout the United States.

43. Upon information and belief, the amount of uncompensated time Plaintiffs and the similarly situated individuals spend or have spent on these required and unpaid work activities amounts to an average of between thirty and forty minutes per day per person. This time regularly resulted in hours being worked by Plaintiffs and the similarly situated individuals but for which they received no compensation. Thus, said compensable time is not de minimis. This is a violation of West Virginia law.

44. Plaintiffs and other Call Center Employees are similarly situated because their job duties primarily consisted of providing customer service by telephone at Defendant's Call Centers. Plaintiffs and other Call Center Employees are also similar because Defendant's policy is to regularly pay its Call Center Employees only for their hours as reflected by the phone system used at the Call Centers, rather than paying them for all of the time they actually worked. Call Center Employees had to arrive at work before their scheduled shifts to perform essential tasks such as booting up their computers, starting computer applications and performing other duties so they are ready to field customer calls immediately at the start of their scheduled shifts.

Because Call Center Employees had to be ready to work at least 10-15 minutes before their shift, they necessarily and regularly arrived at the Call Center well in advance of their scheduled shift time. Call Center Employees also had to work after their shifts end to complete calls they are handling.

45. On information and belief, the amount of uncompensated time Plaintiffs and the similarly situated employees spend or have spent on these required and unpaid work activities amounts to on average approximately thirty minutes per day per person. On information and belief, this time spent by these employees can range from at least fifteen minutes per day, to over forty minutes per day.

46. Through its Call Center employees, Defendants provided customer service to customers throughout the United States. All Call Center employees employed by Defendants over the last five years had essentially the same or similar job duties. Pursuant to Defendants' uniform employment policies, Plaintiffs' primary duty was to field phone calls relating to customer service for Verizon.

47. Defendant Verizon and the individually named defendants managed Plaintiff's and all other similarly situated employees' employment, including the amount of time required to be worked and compensated. Defendant Verizon dictated, controlled and ratified the wage and hour and all related employee compensation policies of Defendant Verizon's Call Centers in Charleston and Clarksburg, West Virginia.

48. Defendant Verizon's wage and hour practices and policies are uniform and consistently applied in its Call Centers in Charleston and Clarksburg, West Virginia.

49. Pursuant to Defendant Verizon's state-wide policies, Plaintiffs and all similarly situated employees did not receive pay for all preliminary and post-liminary work activities.

50. Defendants knew Plaintiffs and other similarly situated employees were working off-the-clock by, among other things, performing tasks such as booting up their computers, logging-in to software programs, and initiating software programs.

51. Plaintiffs and all other similarly situated employees were not allowed to record all their time worked and Defendant Verizon failed to maintain accurate payroll records as required by state law of the time worked by Plaintiffs and all other similarly situated employees.

**ROUNDING OF COMPENSABLE TIME**

52. Plaintiffs reallege and incorporate by this reference all paragraphs above in this Complaint as though fully set forth herein.

53. Plaintiffs were employed as "Consultants," an hourly position, for Defendant Verizon at its West Virginia Call Centers for all or part of the last five years. As with all other similarly situated hourly Call Center employees, Verizon required Plaintiffs and other members of the Class to start/end work on a set schedule. When Plaintiffs and/or other members of the Class clocked in or out, it was the Defendant's policy to "round" their time to the nearest quarter hour.

54. At Defendants' Call Centers compensable time begins at the time of coding the phones to take incoming calls, and ends when the employee signs out of the phone

system. After signing in and before signing out, the employee is not free to do things other than work as assigned by the employer.

55. By itself, the Defendants' rounding practice appears to be facially neutral but in practice and by design, the rounding favors the Defendants in almost every instance.

56. Specifically, as a matter of universal practice, the employees are prohibited from signing in more than seven minutes early, and are not allowed to sign in more than three minutes late without risk of discipline.

57. If the employees sign in only three minutes and one second after the shift begins, he or she is subject to discipline. Thus, whenever the employee might be benefited from the rounding system at the beginning of the working day, the employee is told that he or she will be disciplined. The employee can only sign in within the seven minute window before the shift starts that favors the employer or the lesser three minute period after the shift starts. Moreover, the WPCA does not permit rounding of compensable time and said policy is a clear violation of the WPCA.

58. Likewise, whenever the employees might be benefited from the rounding system at the end of the working day, the Defendant's practices prohibit the rounding principle to apply in favor of the employees. While the rounding practice would allow the employee to clock out up to seven minutes early, in fact, the employees can almost never do so because the employees are not released from taking phone calls until the exact time of the end of the shift.

59. In other words, as a matter of company management practice, Defendants do not allow their hourly Call Center employees to stop working until exactly the end of their

shift. Then and only then are the employees allowed to sign out of the system. Thus, there is no way to sign out before the end of the shift.

60. There is no lawful reason to engage in such rounding, because Defendants have the technology to calculate the exact time each employee starts and ends work. Indeed, for purposes of evaluating performance the defendants can calculate average call handling time to the thousandth of a second. It is outrageous that with all of its technology available to it, the Defendants round compensable time and this practice has no legitimate business justification other than to deny employees their just compensation.

61. This rounding is not de minimis. First, Defendant's rounding off of hours worked is not administratively necessary as technology now provides for exact recording of the time actually spent. Unlike an employer of few employees who may rely on time cards hand written by the employees themselves, Defendant maintains a rigid time recording system which records time to the hundredth of a second. In fact, Defendant is recording time at work by the hundredth of a second, and relying on that record to discipline the employees who either are late to work, or who are too early, or who leave work early, or leave work late, but is not using the same data to pay the employees appropriately for all hours worked. Defendant's policy uses a record of minute by minute increments of work to "round" up or down, and to flag employees who are clocking in more than seven minutes before the start time or more than seven minutes after the ending time. The "flagging" leads to discipline, so that employees are essentially policed from rounding which favors the employees but not policed from rounding that favors the company, which is expected.

62. Second, the amount of daily time spent on the additional work is not insignificant to the employee. In any given day, the employee can be deprived of 14 minutes of compensable time. The WV WPCA does not permit rounding regardless of the amount of time involved. Particularly when the employer has the exact time data and simply chooses not to use it for purposes of calculating hours worked.

63. Third, the practice of rounding against the employee is a regular practice, rather than a rare or random event. And finally, the size of the aggregate claim is momentous.

64. Fourth, the practice is regular and universal. The way Defendants implement their rounding practice always favors the Defendants disproportionally.

65. While signed in prior to and/or after their scheduled start/end times, Plaintiffs and other members of the Class were subject to the control of Verizon and engaged in activities that were: (1) not undertaken for their own convenience, (2) necessary for the performance of their duties for Verizon, and (3) integral and indispensable to their principal activities. Despite this, Plaintiffs and other members of the Class regularly were required to work "off the clock" as set forth hereinabove that entitles them to compensation therefore.

66. Plaintiffs are members of the proposed Class, are typical of all members of the Class, have a common issue of law and/or fact with all members of the Class as to whether the employer does and is legally entitled to round off in the manner in which it has, and will adequately represent the Class. The Class is also easily ascertainable from the records that the employer is required by state law to maintain. When available, as in this case, a true opt-out class action is superior to individual actions because it would be unjust to allow the Defendants

to benefit from their unlawful behavior solely because the cost of litigating individual claims would be prohibitive compared to the expected damages unless aggregated.

**COUNT I**

**VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT**

67. Plaintiffs reallege and incorporate by this reference all paragraphs above in this Complaint as though fully set forth herein.

68. During the statutory period, Plaintiffs and the similarly situated individuals were employed by Defendants in customer service and similar positions at their Charleston and Clarksburg, West Virginia Call Centers.

69. The WPCA requires employers to pay employees for all hours worked. Plaintiffs are not asserting any claims herein based upon any violation of the Fair Labor Standards Act, 29 U.S.C. § 207. Plaintiffs only seek to recover "straight" time and do not seek an overtime premium to which they may be entitled to under Federal law.

70. Defendants knew, or showed reckless disregard for the fact that they failed to pay the Plaintiffs for all hours worked.

71. Defendants' actions described above violated the WPCA's requirements by regularly and repeatedly failing to compensate Plaintiffs and the similarly situated individuals for time spent on work activities as described in this Complaint.

72. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the similarly situated individuals are entitled to

liquidated damages, punitive damages, and are also entitled to attorneys' fees and costs incurred in connection with this claim.

73. Plaintiffs individually, and on behalf of all similarly situated current and former employees of Defendant Verizon, its subsidiaries and affiliated companies, bring this action as a Class Action under the WPCA to recover unpaid compensation, liquidated damages, punitive damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all other similarly situated Call Center Employees employed by, or formerly employed by, Defendant Verizon, its subsidiaries and affiliated companies in West Virginia.

74. Defendant Verizon's routine practice of failing to pay Plaintiffs and all similarly situated employees compensation violates the provisions of the WPCA. There are no de minimis exceptions to the WPCA's requirement that employees be compensated for all time worked on behalf of their employer. This failure to pay by Defendant Verizon to Plaintiffs and all similarly situated employees is a direct violation of the WPCA.

75. Defendants violated the WPCA by failing to pay the Plaintiffs and similarly situated employees their wages within the time limits prescribed by W. Va. Code § 21-5-4.

**COUNT II**

**FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS AS REQUIRED BY STATE LAW**

76. Plaintiffs reallege and incorporate by this reference all paragraphs above in this Complaint as though fully set forth herein.

77. The current and former similarly situated employees on whose behalf Plaintiffs assert this claim are similarly situated because they are or were employed by Defendant Verizon in the same or similar positions as Plaintiffs and because they are or were subjected to the same unlawful compensation practices as Plaintiffs.

78. At all times material to this action, Plaintiffs and all similarly situated employees are and have been entitled to the rights, benefits, and protections granted by the WPCA. The WPCA regulates the payment of wages by employers whose employees are subject to its provisions.

79. Defendants willfully violated the WPCA by failing to pay its Call Center Employees. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by Call Center Employees. Plaintiffs and all similarly situated employees are victims of a uniform state-wide compensation policy. This uniform policy, in violation of the WPCA, has been applied to all Call Center Employees and deprives them of compensation.

80. Plaintiffs and all similarly situated employees are entitled to damages equal to the pay for the five years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant Verizon acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by the WPCA.

81. Defendant Verizon has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the WPCA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to three times the amount of unpaid pay described above,

pursuant to W. Va. Code § 21-5-4(e). Additionally, Plaintiffs and all similarly situated employees are entitled to an award of punitive damages, and prejudgment interest at the applicable legal rate.

82. By the conduct described above, Defendants have violated W. Va. Code § 21-5-4 by failing to pay wages due in accordance with the provisions of WPCA for all present and former West Virginia employees, and have violated W. Va. Code § 21-5-4 for all employees who were limited compensation for said time described hereinabove.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, Larry J. Rector and Steptoe & Johnson PLLC, demand judgment against the Verizon Defendants and the individual Defendants, and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of their damages, the costs of this action, and as follows:

1. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all Call Center Employees employed by Defendants in West Virginia who currently work or have worked for the Defendants within the last five (5) years;

2. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former Call Center Employees employed by the Defendants in West Virginia during the five (5) years immediately preceding this

action, informing them that this action has been filed, of the nature of the action, and of their right to opt-out of this lawsuit if they so choose;

3. Declare and find that Defendants committed one or more of the following acts:

   a. Violated the provisions of the WPCA by failing to pay wages to Plaintiffs and similarly situated persons who do not opt-out of this action; and,

   b. Willfully violated the provisions of the WPCA;

4. Award compensatory damages, including all back pay owed, in an amount according to proof;

5. Award prejudgment and post-judgment interest on all back pay compensation due;

6. Award three times the amount of unpaid back wages as liquidated damages in accordance with the WPCA;

7. Award punitive damages;

8. Award all costs and attorney's fees incurred prosecuting this claim to the extent allowed by law; and

9. Grant such further relief as the Court deems just and equitable.

27

**JURY DEMAND**

Plaintiffs demand trial by jury.

Dated this 22nd day of July 2011.

**PLAINTIFFS**
**BY COUNSEL**

Larry J. Rector (WV Bar #6418)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8151

*Counsel for Plaintiffs*

STEPTOE & JOHNSON PLLC
Of Counsel

**SUMMONS**

**IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA**

**CHARLES R. BYARD, DAVID M. BROSIOUS, KIMBERLY A. RAY, STEPHANIE SNOW-MCKISIC, LISA M. THARP, and LYNET WHITE, Individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO.:** 11-C-315-1
**Judge** Marks

**VERIZON WEST VIRGINIA, INC., FRONTIER WEST VIRGINIA, INC., VERIZON SERVICES CORP., VERIZON COMMUNICATIONS, INC., JODI DENNIS, MARY FREDERICK, CODY STEWART, CORBY MILLER, BARBARA TERWILLIGER, BOB ANDERSON, TAMMY MASON, DAWN WATSON, and MICHAEL HATHAWAY,**

**Defendants.**

**TO THE ABOVE-NAMED DEFENDANTS:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Larry J. Rector, plaintiff's attorney, whose address is 400 White Oaks Boulevard, Bridgeport, WV 26330, an answer, including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 7/22/2011

Donald L. Kopp II
Clerk of the Court

5812336

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 5021 58




**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 319453 |
| Defendant: | Verizon West Virginia, Inc. NOW: Fr |
| County: | 17 |
| | 8/1/2011 |
| Civil Action: | 11-C-315-1 |

Donald L. Kopp, Circuit Clerk
Harrison County Courthouse
301 W. Main St., Suite 301
Clarksburg WV 26301-2967

I am enclosing:

| | | |
|---|---|---|
| ____ summons | ____ affidavit | 1 summons and complaint |
| ____ notice | ____ answer | ____ summons and verified complaint |
| ____ order | ____ cross-claim | ____ summons and amended complaint |
| ____ petition | ____ counterclaim | ____ 3rd party summons and complaint |
| ____ motion | ____ request | ____ notice of materialmans lien |
| ____ suggestions | ____ notice to redeem | ____ notice of mechanic's lien |
| ____ interrogatories | ____ request for production | ____ notice of uim claim |
| ____ discovery | ____ request for admissions | ____ subpoena duces tecum |
| ____ suggestee execution | ____ re-issue of uim claim | ____ Other |
| ____ subpoena | ____ writ | |
| ____ stipulation | ____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

*Sincerely,*

Natalie E. Tennant

Natalie E. Tennant
Secretary of State



**SUMMONS**

**IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA**

**CHARLES R. BYARD, DAVID M. BROSIOUS, KIMBERLY A. RAY, STEPHANIE SNOW-MCKISIC, LISA M. THARP, and LYNET WHITE, Individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO.:** 11-C-315-1
**Judge** Marks




**VERIZON WEST VIRGINIA, INC., FRONTIER WEST VIRGINIA, INC., VERIZON SERVICES CORP., VERIZON COMMUNICATIONS, INC., JODI DENNIS, MARY FREDERICK, CODY STEWART, CORBY MILLER, BARBARA TERWILLIGER, BOB ANDERSON, TAMMY MASON, DAWN WATSON, and MICHAEL HATHAWAY,**

**Defendants.**

**TO THE ABOVE-NAMED DEFENDANTS:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Larry J. Rector, plaintiff's attorney, whose address is 400 White Oaks Boulevard, Bridgeport, WV 26330, an answer, including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within

...of service. If you ...demanded in the ...ny claim you may

WV Secretary of State
Receipt #: 940848
Station ID: M01
List Of Services
SOP S 11c3151 $80.00
Total: $80.00
Payment Details:
steptoe & johnson
K 386871 $80.00
Original Transaction Date: 07/25/2011
Thank You For Your Business!

[signature]
Clerk of the Court

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 5021 89




31

**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 319456 |
| Defendant: | Verizon Communications, Inc. |
| County: | 17 |
| | 8/1/2011 |
| Civil Action: | 11-C-315-1 |

Donald L. Kopp, Circuit Clerk
Harrison County Courthouse
301 W. Main St., Suite 301
Clarksburg WV 26301-2967

I am enclosing:

| | | |
|---|---|---|
| ____ summons | ____ affidavit | 1 summons and complaint |
| ____ notice | ____ answer | ____ summons and verified complaint |
| ____ order | ____ cross-claim | ____ summons and amended complaint |
| ____ petition | ____ counterclaim | ____ 3rd party summons and complaint |
| ____ motion | ____ request | ____ notice of materialmans lien |
| ____ suggestions | ____ notice to redeem | ____ notice of mechanic's lien |
| ____ interrogatories | ____ request for production | ____ notice of uim claim |
| ____ discovery | ____ request for admissions | ____ subpoena duces tecum |
| ____ suggestee execution | ____ re-issue of uim claim | ____ Other |
| ____ subpoena | ____ writ | |
| ____ stipulation | ____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

*Sincerely,*

Natalie E Tennant

Natalie E. Tennant
Secretary of State

34

**SUMMONS**

**IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA**

**CHARLES R. BYARD, DAVID M. BROSIOUS, KIMBERLY A. RAY, STEPHANIE SNOW-MCKISIC, LISA M. THARP, and LYNET WHITE, Individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO.:** 11-C-315-1
**Judge** Marks

ACCEPTED FOR SERVICE OF PROCESS
2011 AUG -1 PM 3:51
SECRETARY OF STATE
STATE OF WEST VIRGINIA

**VERIZON WEST VIRGINIA, INC., FRONTIER WEST VIRGINIA, INC., VERIZON SERVICES CORP., VERIZON COMMUNICATIONS, INC., JODI DENNIS, MARY FREDERICK, CODY STEWART, CORBY MILLER, BARBARA TERWILLIGER, BOB ANDERSON, TAMMY MASON, DAWN WATSON, and MICHAEL HATHAWAY,**

**Defendants.**

**TO THE ABOVE-NAMED DEFENDANTS:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Larry J. Rector, plaintiff's attorney, whose address is 400 White Oaks Boulevard, Bridgeport, WV 26330, an answer, including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 7/22/2011

Donald L. Kopp II
Clerk of the Court

5812336

37

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 5021 72



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 319455 |
| Defendant: | Verizon Services Corp. |
| County: | 17 |
| | 8/1/2011 |
| Civil Action: | 11-C-315-1 |

Donald L. Kopp, Circuit Clerk
Harrison County Courthouse
301 W. Main St., Suite 301
Clarksburg WV 26301-2967

I am enclosing:

| | | | | | |
|---|---|---|---|---|---|
| ____ | summons | ____ | affidavit | 1 | summons and complaint |
| ____ | notice | ____ | answer | ____ | summons and verified complaint |
| ____ | order | ____ | cross-claim | ____ | summons and amended complaint |
| ____ | petition | ____ | counterclaim | ____ | 3rd party summons and complaint |
| ____ | motion | ____ | request | ____ | notice of materialmans lien |
| ____ | suggestions | ____ | notice to redeem | ____ | notice of mechanic's lien |
| ____ | interrogatories | ____ | request for production | ____ | notice of uim claim |
| ____ | discovery | ____ | request for admissions | ____ | subpoena duces tecum |
| ____ | suggestee execution | ____ | re-issue of uim claim | ____ | Other |
| ____ | subpoena | ____ | writ | | |
| ____ | stipulation | ____ | writ of mandamus | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

*Sincerely,*

Natalie E. Tennant

Natalie E. Tennant
Secretary of State

34

**SUMMONS**

**IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA**

**CHARLES R. BYARD, DAVID M. BROSIOUS, KIMBERLY A. RAY, STEPHANIE SNOW-MCKISIC, LISA M. THARP, and LYNET WHITE, Individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO.:** 11-C-315-1
**Judge** Marks

ACCEPTED FOR SERVICE OF PROCESS
2011 AUG -1 PM 3:50
SECRETARY OF STATE
STATE OF WEST VIRGINIA

**VERIZON WEST VIRGINIA, INC., FRONTIER WEST VIRGINIA, INC., VERIZON SERVICES CORP., VERIZON COMMUNICATIONS, INC., JODI DENNIS, MARY FREDERICK, CODY STEWART, CORBY MILLER, BARBARA TERWILLIGER, BOB ANDERSON, TAMMY MASON, DAWN WATSON, and MICHAEL HATHAWAY,**

**Defendants.**

**TO THE ABOVE-NAMED DEFENDANTS:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Larry J. Rector, plaintiff's attorney, whose address is 400 White Oaks Boulevard, Bridgeport, WV 26330, an answer, including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 7/22/2011

Donald L. Kopp II [signature]
Clerk of the Court

5812336

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305


9171 9237 9000 1000 5021 65



35

**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

ControlNumber: 319454
Defendant: Frontier West Virginia Inc.

County: 17
8/1/2011
Civil Action: 11-C-315-1

Donald L. Kopp, Circuit Clerk
Harrison County Courthouse
301 W. Main St., Suite 301
Clarksburg WV 26301-2967

I am enclosing:

| | | | | | |
|---|---|---|---|---|---|
| ____ | summons | ____ | affidavit | 1 | summons and complaint |
| ____ | notice | ____ | answer | ____ | summons and verified complaint |
| ____ | order | ____ | cross-claim | ____ | summons and amended complaint |
| ____ | petition | ____ | counterclaim | ____ | 3rd party summons and complaint |
| ____ | motion | ____ | request | ____ | notice of materialmans lien |
| ____ | suggestions | ____ | notice to redeem | ____ | notice of mechanic's lien |
| ____ | interrogatories | ____ | request for production | ____ | notice of uim claim |
| ____ | discovery | ____ | request for admissions | ____ | subpoena duces tecum |
| ____ | suggestee execution | ____ | re-issue of uim claim | ____ | Other |
| ____ | subpoena | ____ | writ | | |
| ____ | stipulation | ____ | writ of mandamus | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

*Sincerely,*

Natalie E. Tennant

Natalie E. Tennant
Secretary of State



**SUMMONS**

**IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA**

**CHARLES R. BYARD, DAVID M. BROSIOUS, KIMBERLY A. RAY, STEPHANIE SNOW-MCKISIC, LISA M. THARP, and LYNET WHITE, Individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO.:** 11-C-315-I
**Judge** Marks

ACCEPTED FOR SERVICE OF PROCESS
2011 AUG -1 PM 3:49
SECRETARY OF STATE
STATE OF WEST VIRGINIA

**VERIZON WEST VIRGINIA, INC., FRONTIER WEST VIRGINIA, INC., VERIZON SERVICES CORP., VERIZON COMMUNICATIONS, INC., JODI DENNIS, MARY FREDERICK, CODY STEWART, CORBY MILLER, BARBARA TERWILLIGER, BOB ANDERSON, TAMMY MASON, DAWN WATSON, and MICHAEL HATHAWAY,**

**Defendants.**

**TO THE ABOVE-NAMED DEFENDANTS:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Larry J. Rector, plaintiff's attorney, whose address is 400 White Oaks Boulevard, Bridgeport, WV 26330, an answer, including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 7/22/2011

Donald L Kopp II
Clerk of the Court

5812336

31

**Baker, Robin**

**From:** mail@wvsos.com [mail@wvsos.com] **Sent:** Mon 8/8/2011 11:33 AM
**To:** sop_delivered@wvsos.com
**Cc:**
**Subject:** Case # 11-C-315-1 Return Receipt Notification From WV Secretary of State's Office
**Attachments:**

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification Is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

VERIZON WEST VIRGINIA, INC. NOW: FRONTIER WEST VIRGINIA INC.
C. T. CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLESTON, WV 25313

The letter was sent on 8/1/2011

Civil Action Number: 11-C-315-1
Restricted: N
Certified Number : 91719237900010005021 58

This information supplied from Pitney Bowes Distribution Solutions

UNITED STATES POSTAL SERVICE.

Date Produced: 08/08/2011

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0050 2158. Our records indicate that this item was delivered on 08/03/2011 at 10:23 a.m. in CHARLESTON, WV, 25313. The scanned image of the recipient information is provided below.

Signature of Recipient:

Terry Stamper

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721

**Baker, Robin**

**From:** mail@wvsos.com [mail@wvsos.com] **Sent:** Mon 8/8/2011 11:33 AM
**To:** sop_delivered@wvsos.com
**Cc:**
**Subject:** Case # 11-C-315-1 Return Receipt Notification From WV Secretary of State's Office
**Attachments:**

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

FRONTIER WEST VIRGINIA INC.
C. T. CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLESTON, WV 25313

The letter was sent on 8/1/2011

Civil Action Number: 11-C-315-1
Restricted: N
Certified Number : 92719237900010000502165

This information supplied from Pitney Bowes Distribution Solutions






Date Produced: 08/08/2011

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0050 2165. Our records indicate that this item was delivered on 08/03/2011 at 10:23 a m in CHARLESTON, WV, 25313. The scanned image of the recipient information is provided below.

Signature of Recipient:

Terry Stamper

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721



**Baker, Robin**

**From:** mail@wvsos.com [mail@wvsos.com] **Sent:** Mon 8/8/2011 11:33 AM
**To:** sop_delivered@wvsos.com
**Cc:**
**Subject:** Case # 11-C-315-1 Return Receipt Notification From WV Secretary of State's Office
**Attachments:**

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

VERIZON COMMUNICATIONS, INC.
140 WEST ST.
NEW YORK, NY 10007

The letter was sent on 8/1/2011

Civil Action Number: 11-C-315-1
Restricted: N
Certified Number : 92719237900010000502189

This information supplied from Pitney Bowes Distribution Solutions



 4




Date Produced: 08/08/2011

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0050 2189. Our records indicate that this item was delivered on 08/05/2011 at 12:07 p.m. in NEW YORK, NY, 10007. The scanned image of the recipient information is provided below.

Signature of Recipient: X S. Harris
Printed Name: S. Harris

Address of Recipient: Delivery Address: 140 W. ST. Verizon

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721



**Baker, Robin**

| | | | |
|---|---|---|---|
| **From:** | mail@wvsos.com [mail@wvsos.com] | **Sent:** | Mon 8/8/2011 11:33 AM |
| **To:** | sop_delivered@wvsos.com | | |
| **Cc:** | | | |
| **Subject:** | Case # 11-C-315-1 Return Receipt Notification From WV Secretary of State's Office | | |
| **Attachments:** | | | |

** THIS IS AN AUTOMATED E-MAIL MESSAGE . **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

VERIZON SERVICES CORP.
C. T. CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLESTON, WV 25313

The letter was sent on 8/1/2011

Civil Action Number: 11 C 315-1
Restricted: N
Certified Number : 92719237900001000502172

This information supplied from Pitney Bowes Distribution Solutions






Date Produced: 08/08/2011

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0050 2172. Our records indicate that this item was delivered on 08/03/2011 at 10:23 a.m. in CHARLESTON, WV, 25313. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721

