IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES R. BYARD, ET AL.,

        Plaintiffs,

v.                    //   CIVIL ACTION NO. 1:11CV132
                                (Judge Keeley)

VERIZON WEST VIRGINIA, INC.,
ET AL.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

Before the Court is the plaintiffs' motion for conditional certification of a collective action and the implementation of a court-facilitated notice plan (dkt. no. 105). For the reasons discussed below, the plaintiffs' motion is **GRANTED IN PART** on the terms set forth in this Order.

### I.

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. The plaintiffs, and the class they propose to represent, are current and former employees of Verizon West Virginia Inc., Frontier West Virginia Inc., and Verizon Services Corp. (collectively "the defendants") working in customer service positions at the call centers located in Clarksburg and Charleston, West Virginia. The named plaintiffs currently work or previously worked as Consultants, tasked with taking incoming calls from customers, answering customer service related inquiries, and making

**BYARD, ET AL. v. VERIZON WV, ET AL.**                          **1:11CV132**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

sales. They allege that the defendants regularly failed to compensate them for time worked in excess of forty (40) hours per week in violation of the FLSA.

The plaintiffs specifically allege that the defendants required them to engage in certain "preliminary and post-liminary" work activities without compensation. These activities include booting up and logging into the computer system, opening software applications, reading daily company e-mails and intranet messages, and setting up "call backs" and performing other "follow up" work for customers. In addition, the plaintiffs claim that the defendants' policy of "rounding" their compensable time to the nearest quarter of an hour uniformly benefits the defendants up to fourteen (14) minutes per day.

On July 3, 2012, the plaintiffs filed a motion for conditional certification of a collective action and the implementation of a court-facilitated notice plan. (Dkt. No. 105). The matter has now been fully briefed and is ripe for review.

**II.**

Under the FLSA, employees may maintain a collective action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). Putative plaintiffs who wish to join an FLSA

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

collective action are required to "opt in" by filing a written consent form with the Court. Id. Certification of a collective action is appropriate where the class members (1) are "similarly situated" and (2) opt-in to the pending action. Romero v. Mountaire Farms, Inc., 796 F.Supp.2d 700, 705 (E.D.N.C. 2011); see also Felix de Asencio v. Tyson Foods, Inc., 130 F.Supp.2d 660, 662 (E.D. Pa. 2001) ("The only two requirements . . . under the FLSA are that class members be similarly situated and that each member file a consent to joining the action." (citation omitted)).

District courts generally take a two-step approach to certification of FLSA collective actions. Cleary v. Tren Services Inc., No. 2:11-123, 2012 WL 1189909, at *3 (S.D. W. Va. Apr. 9, 2012); see also Nolan v. Reliant Equity Investors, LLC, No. 3:08-62, 2009 WL 2461008, at *7 (N.D. W. Va. Aug. 10, 2009) (collecting cases). The "notice" or "conditional certification" stage comes first. This stage typically occurs early in the proceedings, before discovery is completed. Cleary, 2012 WL 1189909, at *3. Accordingly, "the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" Patton v. Thomson Corp., 364 F.Supp.2d 263, 267 (E.D.N.Y. 2005) (citations omitted). If the court finds that the plaintiffs have cleared this "low bar," Westfall v. Kendle Intern,

3

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

CPU, LLC, No. 1:05-00118, 2007 WL 486606, at *9 (N.D. W. Va. Feb.
15, 2007), it will conditionally certify the class and, if
appropriate, "authorize[] plaintiffs' counsel to provide the
putative class members with notice of the lawsuit and their right
to opt-in." Romero, 796 F.Supp.2d at 705 (citing Hipp v. Liberty
Nat. Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)).

     The second stage of the inquiry occurs if the defendant moves
to "decertify" the class, which generally takes place after
discovery is completed and the matter is ready for trial. Cleary,
2012 WL 1189909, at *3; see also Nolan, 2009 WL 2461008, at *7. "At
that point, the court makes a factual determination as to whether
the class is truly 'similarly situated.'" Purdham v. Fairfax Cty.
Pub. Schools, 629 F.Supp.2d 544, 547 (E.D. Va. 2009) (citing Parker
v. Rowland Express, Inc., 492 F.Supp.2d 1159, 1164 (D. Minn.
2007)). As the court typically has "much more information on which
to base its decision" at this stage, Hipp v. Liberty Nat'l Life
Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (citation omitted),
it "applies a heightened, fact specific standard to determine
whether the proposed class members are similarly situated." Cleary,
2012 WL 1189909, at *3 (citations omitted).

4

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

### III.

Here, the plaintiffs have moved for conditional certification of a collective action. The defendants do not dispute that conditional certification is appropriate under 29 U.S.C. § 216(b); however, they request that the Court narrow the plaintiffs' proposed class.

### A.

The pending motion concerns only the first step of the certification process. At this stage, the plaintiffs bear the burden of demonstrating "the existence of a putative class of 'similarly situated' persons." Purdham, 629 F.Supp.2d at 548. Plaintiffs are similarly situated to a proposed class when, collectively, they were victims of "a single decision, policy, or plan that violated the law." Nolan, 2009 WL 2461008 at *7 (quoting Reeves v. Alliant Techsystems, Inc., 77 F.Supp.2d 242, 247 (D.R.I. 1999)); see also De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc., 338 F.Supp.2d 649, 654 (E.D.N.C. 2004) ("plaintiffs must raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions" (citation omitted)). In other

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

words, the named plaintiffs must demonstrate some sort of "factual nexus" that connects their claims to the other putative plaintiffs "as victims of an unlawful practice." Sharpe v. APAC Customer Services, Inc., No. 09-cv-329, 2010 WL 135168, at *4 (W.D. Wis. Jan. 11, 2010). The situations of the named plaintiffs and the putative class "need not be identical." De Luna-Guerrero, 338 F.Supp.2d at 654 (citation omitted).

The plaintiffs' burden at this stage has been described as "minimal," Lynch v. United Servs. Auto. Ass'n, 491 F.Supp.2d 357, 367-68 (S.D.N.Y. 2007), and "lenient." Yeibyo v. E-Park of DC, Inc., et al., No. 2007-1919, 2008 WL 182502, at *7 (D. Md. Jan. 18, 2008). District courts in this Circuit have found conditional certification appropriate where plaintiffs put forth at least a "modest factual showing" that the members of the putative class were victims of a common policy or practice that violated the FLSA. Westfall, 2007 WL 486606, at *8 (citation omitted); see also Bernard v. Household Int'l, Inc., 231 F.Supp.2d 433, 435 (E.D. Va. 2002) ("Mere allegations will not suffice; some factual evidence is necessary."). "This evidence need not, however, enable the court to determine conclusively whether a class of 'similarly situated' plaintiffs exists." Mitchel v. Crosby Corp., No. DKC 10-2349, 2012 WL 4005535, at *3 (D. Md. Sept. 10, 2012). Rather, plaintiffs

6

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

seeking conditional certification need only submit evidence establishing "a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist[s]." Faust v. Comcast Cable Communications Management, LLC, No. WMN-10-2336, 2011 WL 5244421, at *2 (D. Md. Nov. 1, 2011) (quoting Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266 (D. Minn. 1991)).

**B.**

The plaintiffs seek to conditionally certify a collective action consisting of "all individuals who have worked over 40 hours in any week during the past 3 years as Customer Service Call Center Employees at Defendants' call centers in Clarksburg or Charleston, West Virginia, and who have not been paid for all time worked." (Dkt. No. 106 at 24). "Customer Service Call Center Employees" are defined as "all current and former 'Consultants' or 'Customer Service Representatives' and those with similar titles . . . performing customer service work by telephone." (Dkt. No. 106 at 1).

In their motion for conditional certification, the plaintiffs offered twenty-two affidavits: six from the named plaintiffs, and sixteen from the opt-in class members. (Dkt. No. 105-1 at 1-133). All of the affidavits were penned by self-described "Customer

**BYARD, ET AL. v. VERIZON WV, ET AL.**                    **1:11CV132**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

Service Representative[s]," twenty-one of whom worked in the Clarksburg call center and one of whom worked in the Charleston call center. Id. These declarations do not vary in any significant respect, and they uniformly support the allegations made in the complaint. Id. For example, each affiant states that "I worked over 40 hours in a week and did not get paid for certain time worked, including time spent off-the-clock performing preliminary and post-liminary work activities and time rounded down under Verizon's policies, practices, and procedures as discussed below." (Dkt. No. 105-1 at 3).

    The declarants go on to describe their uncompensated pre- and post-shift activities, which include booting up or shutting down computers, opening or closing numerous software applications, reading daily company e-mails and intranet messages, setting up "call backs," and completing other "follow up" work related to customer service. Id. at 3-4. They each estimate that, on an average day, they "performed at least 30 to 40 minutes of unpaid work before the start of [their] shift and after [their] shift ended." Id. at 5. The declarants also state that they have personal knowledge, through observation, that other hourly employees at the facility performed the same off-the-clock work. Id.

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

In regard to the defendants' allegedly unlawful rounding policy, the affiants each state that they were clocked in when their telephones were "coded to take incoming calls" and were clocked out when they signed out of the telephone system. Id. They were "prohibited from signing in more than 7 minutes early" or "more than 3 minutes late." Id. at 6. As such, the declarants allege that the defendants' policy of rounding compensable time to the nearest quarter-hour uniformly benefitted the company up to fourteen (14) minutes per day. Id. Again, each affiant states that they have personal knowledge that their co-workers were subject to the same rounding policy. Id.

The defendants acknowledge that these affidavits are sufficient to support the conditional certification of a collective action. They argue, however, that the plaintiffs' proposed class definition is both vague and unsupported. According to the defendants, the phrase "Customer Service Representative" is particularly confusing because it is "not a job description at either Verizon or Frontier, where hourly employees' job titles have been contractually-established [sic] throughout the class period by a collective bargaining agreement (CBA)." (Dkt. No. 127 at 4). Rather, each affiant of record was officially employed as a "Consultant," tasked solely with "handling inbound," as opposed to

9

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

outbound, "customer service calls." Id. at 4 (emphasis added). As such, the defendants argue, "the only employees who could potentially be similarly situated to Plaintiffs are Consultants who handle inbound customer service calls by phone." Id. at 5. The defendants thus propose a class definition of "individuals employed by Verizon West Virginia Inc., Frontier West Virginia Inc., or Verizon Services Corp. at a call center in Clarksburg or Charleston, West Virginia as a Consultant handling inbound customer service telephone calls within the last three years." (Dkt. No. 127-1 at 2).

In their reply, the plaintiffs strenuously object to the defendants' proposed class and maintain that the job titles in this case are largely irrelevant, as "Defendants' payroll policies, practices and procedures not Plaintiff's job titles are at issue." (Dkt. No. 136 at 2 (emphasis in original)). In support, they offer one declaration from a new affiant, Georgianna F. Kintz ("Kintz"), and two supplemental declarations from affiants previously included within the original twenty-two, Jeff Combs ("Combs") and Barbara S. Cutlip ("Cutlip").[1]

---

[1] In the interest of fully evaluating the issues presented, the Court denied the defendants' motion to strike these new affidavits and instead permitted the defendants to file a sur-reply. (Dkt. No. 178).

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

### MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

Kintz states that she had worked in the Clarksburg call center as both a "Consultant," taking incoming calls, and as a "Customer Service Clerk," making outgoing calls, during the statutory period. (Dkt. No. 136-2 at 1-2). She maintains that her duties in both positions were the same, "except that as a Customer Service Clerk[,] instead of taking incoming calls[,] I made outgoing calls to customers whose issues remained unresolved after speaking with a Consultant." Id. at 2. She avers that, "regardless of her position," she had to engage in the same types of pre- and post-shift work as the original twenty-two affiants, which resulted in her performing "at least 30 minutes" of unpaid work on an average day. Id. at 3-5. Her allegations concerning the rounding policy are likewise identical, except that she alleges she was clocked in when the telephone was coded to "take incoming calls or make outgoing calls." Id. at 2 (emphasis added).

The supplemental affidavits of Combs, from the Charleston call center, and Cutlip, from the Clarksburg call center, make similar allegations concerning the job title of "Maintenance Administrator" and the assignment of "Urgent Care," both of which appear to involve making outgoing customer service calls. (Dkt. No. 136-3 at 1-2); (Dkt. No. 136-4 at 1-3); (Dkt. No. 181 at 4). The plaintiffs further offer several generic descriptions of jobs titles within

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

the CBA in an attempt "to respond generally to the defendants'
argument that a collective class should be limited to a single job
title." (Dkt. No. 142 at 5).

**C.**

Under the lenient standard applicable at this first stage of
the class certification process, the Court finds that the
plaintiffs' evidence is sufficient to demonstrate that they are
similarly situated to a putative class of Verizon employees who
perform customer service work by telephone, regardless of whether
those employees take incoming or make outgoing calls. The
plaintiffs need only make a "modest" showing at the conditional
certification stage, Comer v. Wal-Mart Stores, Inc., 454 F.3d 544,
547 (6th Cir. 2006), and they are not required to prove that the
potential class members have identical job titles or positions.
Jirak v. Abbot Labs., Inc., 566 F.Supp.2d 845, 848–49 (N.D. Ill.
2008); see also Comer, 454 F.3d at 546–47 ("[t]he plaintiff must
show only that his position is similar, not identical, to the
positions held by the putative class members."). Courts routinely
find that plaintiffs are similarly situated despite "distinctions
in their job titles, functions, or pay." Jirak, 566 F.Supp2d at 849
(citations omitted); see also Delgado v. Ortho-McNeil, No. 07-263,

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

2007 WL 2847238, at *3 (C.D. Cal. Aug. 6, 2007) ("[W]hile the jobs of the various sales representatives are not identical, they bear sufficient similarity to warrant conditional certification for the purpose of distributing notice."); Garza v. CTA, No. 00-438, 2001 WL 503036, at *3 (N.D. Ill. May 8, 2001) ("That the plaintiffs and other potential plaintiffs may have different jobs . . . does not mean that they are not operating under the same policies that allegedly entitle them to overtime pay.").

Here, the plaintiffs have presented at least a "modest factual showing," Westfall, 2007 WL 486606, at *8 (citation omitted), that they and the putative plaintiffs, whether they took incoming or made outgoing customer service calls, were "similarly situated" victims of a common policy or practice that potentially violated the FLSA: (1) the defendants required the plaintiffs to engage in certain preliminary and post-liminary customer service work and computer-related functions without pay; and (2) the plaintiffs were systematically disadvantaged by the defendants' "rounding" policy. See generally O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 583 (6th Cir. 2009) (plaintiffs are similarly situated where "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct."). As the plaintiffs point out, many

13

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

district courts have granted conditional certification to call center employees alleging similar "off-the-clock" and "rounding" FLSA violations.[2]

The defendants attempt to highlight the dissimilarities of the proposed class and attack the competency of the plaintiffs' affiants through counter-affidavits and other evidentiary submissions. At this early stage, however, "[t]he Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Fisher v. Michigan Bell Telephone Co., 665 F.Supp.2d 819, 825 (E.D. Mich. 2009) (quoting Brasfield v. Source Broadband Servs., LLC, 257 F.R.D. 641, 642 (W.D. Tenn. 2009)). The "disparate factual and employment settings of the individual plaintiffs should be considered at the second stage of analysis." White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 373 (E.D. Tenn. 2006) (collecting

---

[2] See O'Donnell v. Sw. Bell Yellow Pages, Inc., No. 4:11-cv-1107, 2012 WL 1802336 (E.D. Mo. May 17, 2012); Robinson v. Ryla Teleservices, Inc., No. 11-131-KD-C, 2011 WL 6667338 (S.D. Ala Dec. 21, 2011); McClean v. Health Sys., Inc., No. 11-03037, 2011 WL 6153091 (W.D. Mo. Dec. 12, 2011); Garrett v. Sitel Operating Corp., No. 10-2900, 2011 WL 5827240 (W.D. Tenn. Nov. 18, 2011); Ware v. T-Mobile USA, 828 F.Supp.2d 948 (M.D. Tenn 2011); McCray v. Cellco P'Ship, No. 1:10-2821, 2011 WL 2893061 (N.D. Ga. Apr. 8, 2011); Burch v. Qwest Comm'ns Int'l, 500 F.Supp 2d 1181 (D. Minn 2007); Southerland Global Services, Inc., 487 F.Supp.2d 344, 347 (W.D.N.Y. 2007); Clarke v. Convergys Customer Mgmt Grp. Inc., 370 F.Supp.2d 601 (S.D. Tex. 2005).

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

cases); see also Bishop v. AT & T Corp., 256 F.R.D. 503, 509 (W.D. Penn. 2009) ("Any dissimilarities in job functions which would exclude a class member will be reevaluated at stage two when discovery is complete."). Any further arguments concerning differences within the class are "more appropriately decided at step two, after it is known who the class will consist of, and after some of the factual issues can be fleshed out in discovery." Jirak, 566 F.Supp.2d at 848 (citation omitted).

Accordingly, for the reasons discussed, the Court **FINDS** that the plaintiffs have a colorable basis for their claims of substantial similarity and will allow them to proceed collectively through discovery. See generally Realite v. Ark Rests. Corp., 7 F.Supp.2d 303, 308 (S.D.N.Y. 1998) (underscoring that the court "is certifying the proposed only for notice and discovery purposes" and is "not holding that at this time that all members of the proposed class who will be sent notices are, in fact, similarly situated to plaintiffs"). The Court thus **CONDITIONALLY CERTIFIES** the following class of opt-in plaintiffs who are entitled to notice:

> All current and former hourly customer service employees of Verizon West Virginia Inc., Frontier West Virginia Inc., or Verizon Services Corp., who worked over forty (40) hours a week at a call center in Clarksburg or Charleston, West Virginia within the past three (3) years

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

handling inbound customer service telephone calls or making outbound customer service telephone calls.

**IV.**

Having concluded that conditional certification is appropriate, the Court now turns to the plaintiffs' request for court-facilitated notice to the opt-in class.

**A.**

Courts "have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs" of the pendency of the collective action. Hoffmann–La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989); see also Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 147 (4th Cir. 1992). The notice must be "accurate and timely," so that potential plaintiffs "can make informed decisions about whether to participate." Hoffmann–La Roche, 493 U.S. at 170. The Court has "broad discretion" regarding the "details" of the notice sent to potential opt-in plaintiffs. Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202 (S.D.N.Y.2006) (citing Hoffmann–La Roche, 493 U.S. at 171).

**B.**

Contemporaneously with their motion for conditional certification, the plaintiffs submitted a proposed notice and opt-

**BYARD, ET AL. v. VERIZON WV, ET AL.**                          **1:11CV132**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

in consent form to be sent to the putative class. (Dkt. No. 105-2). The defendants subsequently filed objections to the plaintiffs' proposal and submitted their own suggested forms. (Dkt. No. 127-1). The plaintiffs, in reply, submitted a revised notice which attempts to address some of the defendants' concerns. (Dkt. No. 136-1).[3] Nevertheless, the following issues remain in dispute: (1) the description of the class; (2) the length of the opt-in period; (3) the propriety of a reminder notice; (4) the description of the lawsuit; (5) the description of the prospective plaintiffs' potential obligations; (6) the description of the fee arrangement for the plaintiffs' counsel; (7) the use of the full case caption; (8) the propriety of allowing plaintiffs' counsel to contact putative plaintiffs; and (9) the amount of information the defendants should turn over in order to facilitate notice. The Court will address each of these issues in turn.

### i. Description of the Class

The Court agrees with the defendants that the class definition in the proposed notice is both overbroad and confusing.[4]  It thus

---

[3] Unless otherwise stated, all references in this Opinion to the plaintiffs' proposed notice refer to the revised proposed notice. (Dkt. No. 136-1).

[4] The current notice is addressed to "All current and former Call Center Employees and Customer Service Representatives employed by

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

**ORDERS** the plaintiffs to modify the notice to make it consistent with the Court's findings as to the appropriate definition of the proposed class. In particular, the notice should remove any proper nouns, i.e. "Customer Service Representative" and "Call Center Employee," unless the position described is either an actual job title as recognized in the CBA or elsewhere defined in the notice. To the extent the plaintiffs believe that reference to actual job titles would help clarify the notice for the putative class, they should use "Consultant" and/or "Customer Service Clerk."  The Court thus **SUSTAINS IN PART** the defendants' objection.

### ii. Length of the Opt-In Period

The defendants propose a forty-five day notice period during which potential class members may opt-in to the collective action. The plaintiffs, "as a compromise," abandoned their initial request for a ninety day opt-in period and stated in their reply brief that they were willing to compromise at sixty days. (Dkt. No. 136 at 12). As the defendants correctly argued that "courts in this circuit routinely find that an opt-in period between 30-60 days is

_____

Verizon West Virginia Inc., Frontier West Virginia Inc., or Verizon Services Corp., who have worked at their Clarksburg or Charleston, West Virginia call centers during any time from [3 years back from the date of the order]." (Dkt. No. 136-1 at 1).

**BYARD, ET AL. v. VERIZON WV, ET AL.**                         **1:11CV132**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

appropriate," (dkt. no. 127 at 8), the Court finds that an opt-in period of sixty days from the date of mailing sufficiently balances both parties' concerns and is reasonable under the circumstances of this case. See, e.g., Steinberg v. TQ Logistics, Inc., No. 10-cv-2507, 2011 WL 1335191, at *6 (D.S.C. Apr. 7, 2011). The defendants' objection is therefore **OVERRULED AS MOOT.**

### iii. Reminder Notice

The plaintiffs propose sending out a reminder letter or second notice "on or about the 30th day of [the] 60-day notice period" to remind potential class members that their deadline to opt-in is coming due. (Dkt. No. 136 at 13). The defendants contend that this reminder notice will inappropriately impress upon potential plaintiffs that the Court is encouraging them to join the lawsuit, unnecessarily "stir up litigation," and violate the West Virginia Rule of Professional Conduct against soliciting professional employment. (Dkt. No. 127 at 10-13).

While the defendants' strained interpretation of the Rules of Professional Conduct can be rejected out of hand, it is nonetheless true that numerous district courts around the country have found that reminder notices have a tendency to both stir up litigation, see, e.g., Calderon v. GEICO Gen. Ins. Co., No. 10-1958, 2011 WL

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

98197, at *3 (D. Md. Jan. 12, 2011), and inappropriately encourage putative plaintiffs to join the suit. See, e.g., Knispel v. Chrysler Group, LLC, No. 11-11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012); Smallwood v. Illinois Bell Tel. Co., 710 F.Supp.2d 746, 753-54 (N.D. Ill. 2010). The plaintiffs have cited no persuasive authority to the contrary.

Here, the notice period is only sixty days. As such, the Court agrees with the defendants that a reminder notice in this case is both "unnecessary" and potentially improper. Witteman v. Wisconsin Bell, Inc., No. 09-440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010); see also Barnwell v. Corr. Corp. of America, No. 08-2151, 2008 WL 5157476, at *6 (D. Kan. Dec. 9, 2008) ("The court believes that the notice itself is adequate to advise potential class members of their right to opt-in as plaintiffs in this case."). "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." Witteman, 2010 WL 446033, at *3. It thus **SUSTAINS** the defendants' objection and **DENIES** the plaintiffs' request to sent a reminder notice.

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

### iv. Description of the Lawsuit

The defendants argue that the plaintiffs' proposed notice fails to give "equal thrift" to both parties' positions. (Dkt. No. 127 at 14). Specifically, the defendants wish to include descriptions of "sample[s]" of their legal defenses in order to "balance" the text of the notice. Id. The defendants cite no authority in support of the proposition that, as they appear to suggest, a notice must devote an equal word count to the positions of each party in the lawsuit.

In the proposed notice, the description of the plaintiffs' claims is brief and devoted almost exclusively to a simple factual recitation of the various work activities for which they seek compensation. In light of this short, fact-based listing, the statement in the plaintiffs' proposed notice that "Verizon and Frontier deny the allegations and maintain these individuals were properly paid," (dkt. no. 136-1 at 2), is "sufficient to put potential plaintiffs on notice that Defendants deny the allegations." Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 60 (E.D.N.Y. 2011) (citation omitted). The defendants' proposed inclusion of their legal arguments is unnecessary and "will likely confuse potential opt-in plaintiffs." Id.; see generally Nolan,

BYARD, ET AL. v. VERIZON WV, ET AL.                     1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

3:08CV62, (Dkt. No. 115), (N.D. W. Va. Aug. 31, 2009) (approving notice which stated only that "Defendants deny that they did anything wrong."); Delaney v. Geisha NYC LLC, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (refusing to include specific information concerning defenses where proposed notice stated that defendant "denies that they violated the Fair Labor Standards Act"). As such, the Court **OVERRULES** the defendants' objection to the description of the suit.

**v. Potential Obligations Associated with Joining the Suit**

The defendants object that the proposed notice does not inform participants that (1) opt-in plaintiffs might be required to engage in the parties' discovery efforts and testify at trial, and (2) those who opt in could pay a proportionate share of defendants' costs to defend the case. The plaintiffs contend that advising the prospective plaintiffs of their potential obligations may be "dissuasive." (Dkt. No. 136 at 9).

The Court agrees that the notice should be amended to inform prospective members of the prospect of providing deposition and court testimony and participating in discovery. Courts "routinely accept[]" text notifying potential plaintiffs "of the possibility that they will be required to participate in discovery and testify

22

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

at trial." Whitehorn v. Wolfgang's Steakhouse, Inc. 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011); see also Butler v. DirectSAT USA, LLC, --- F. Supp. 2d ----, 2012 WL 1203980, at *10 (D. Md. Apr. 10, 2012); Pack v. Investools, Inc., No. 2:09-CV-1042, 2011 WL 5325290, at *4 (D. Utah Nov. 3, 2011). Inasmuch as the overarching purpose of FLSA notification is to ensure that potential plaintiffs obtain "accurate and timely notice" in order to "make informed decisions about whether to participate," Hoffmann-La Roche, 493 U.S. at 170, such information "allow[s] potential plaintiffs to make a reasoned decision about the time they would need to invest in the suit should they decided to opt-in." Heaps v. Safelite Solutions, LLC, No. 2:10CV729, 2011 WL 1325207, at *8 (S.D. Ohio, Apr. 5, 2011). Accordingly, the plaintiffs must amend the notice to inform prospective members of their potential discovery and trial obligations.

The defendants have proposed a verbose description of these discovery and trial obligations for inclusion in the proposed notice. The Court, however, finds it reasonable for the plaintiffs to add the simpler language adopted by at least two other district courts: "While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court."

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

### MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

Fisher, 665 F.Supp.2d 819, 829; Russell v. Illinois Bell Tele. Co., 575 F.Supp.2d 930 (N.D. Ill. 2008).

The defendants' second argument, that prospective members should be notified of their potential liability for costs, is a closer question. The defendants' proposed notice contains two separate statements notifying prospective plaintiffs that they may be responsible for paying the defendants' undefined "litigation expenses" or "litigation costs" if they lose the lawsuit. (Dkt. No. 127-1 at 2, 3). Again, the plaintiffs argue that any reference to costs would discourage potential plaintiffs from joining the litigation and should thus be excluded.

The authority on this question is decidedly split. On one hand, some district courts have found that "[b]eing made aware of the possibility of being held liable for [defendant's] costs of litigation is necessary information for potential plaintiffs to make an informed decision about whether to opt-in as a plaintiff." Heaps, 2011 WL 1325207, at *8 (collecting cases). Other district courts, however, have found that such language is "unnecessary and potentially confusing," Sexton v. Franklin First Fin., Ltd., No. 08-CV-04950, 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009), particularly given the "remote possibility" that costs will be other than de minimus. Guzman v. VLM, Inc., No. 07-CV-1126, 2007 WL

24

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

2994278, at *8 (E.D.N.Y. Oct. 11, 2007); see also id. (such
language "may have an in terrorem effect that is disproportionate
to the actual likelihood that costs . . . will occur in any
significant degree.").

As one district court has noted, "[a]n award of costs to a
prevailing defendant in an FLSA case is clearly possible and is not
merely theoretical." Creten-Miller v. Westlake Hardware, Inc., No.
08-2351, 2009 WL 2058734, at *4 (D. Kan. July 15, 2009) (citing
cases that have allowed costs to prevailing defendants in FLSA
cases). The disclosure of this possibility will accordingly serve
the overarching purposes of the notice, i.e., allowing putative
plaintiffs to "make informed decisions about whether to
participate." Hoffmann-La Roche, 493 U.S. at 170. There is no need
for undue emphasis on this possibility, however, as suggested by
the defendants' proposed notice. The Court therefore **ORDERS** that
the "EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT SECTION" of the
notice shall include the following statement: "If you do not
prevail on your claim, court costs and expenses may possibly be
assessed against you." See Harris v. Pathways Community Behavioral
Healthcare Inc., No. 10-0789, 2012 WL 1906444, at *4 (W.D. Mo. May
25, 2012) (modifying notice to include statement that "if you do

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

not prevail on your claim, court costs and expenses may possibly be assessed against you"); Creten-Miller, 2009 WL 2058734, at *4 (same); Garcia v. Elite Labor Serv., Ltd., No. 95-2341, 1996 WL 33500122, at *4 (N.D.Ill. July 11, 1996) (same). The defendants' objection is thus **SUSTAINED IN PART.**

### vi. Contingency Fee

The defendants further object that the plaintiffs' counsel should be required to include their contingency fee percentage in the notice.[5] The plaintiffs did not directly respond to this argument. Notably, several district courts have agreed with the defendants and found that "notice of [fee] agreements should be provided up front" because "the fee structure may impact an opt-in Plaintiff's recovery, if any." Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007); see also Lineras v. Inspiration Plumbing LLC, No. 1:10CV324, 2010 WL 4623940, at *2 (E.D. Va. Nov. 3, 2010) ("This Court sees no reason why the

---

[5] To the extent that the defendants also objected that the plaintiffs' proposed notice failed to advise potential opt-in plaintiffs of their right to choose their own counsel, the plaintiffs included the following language in their revised notice: "You have the right to obtain legal advice from any attorney of your own choosing as to the advisability of filing a Plaintiff consent form, filing a lawsuit on your own or doing nothing." (Dkt. No. 136 at 11). The Court finds that this change satisfies the defendants' objection and **DENIES** it **AS MOOT.**

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

contingency fee percentage should not be disclosed, as that percentage will better inform potential plaintiffs in their choice of whether to opt-in. The contingency fee percentage should therefore be added to the notice."). In accordance with this authority and in the absence of any argument by the plaintiffs, the Court holds that the notice shall include a statement informing the putative class "of any arrangements regarding attorneys fees and costs that they might be entering," Fasanelli, 516 F.Supp.2d at 324, including the "contingency fee percentage." Lineras, 2010 WL 4623940, at *2. The Court therefore **SUSTAINS** the defendants' objection.

### vii. Case Caption

The defendants object to the plaintiffs' inclusion of the full caption of this case on the first page of their proposed notice. They contend that the caption "risks giving a potential opt-in the false impression of judicial endorsement of Plaintiff's position where none exists." (Dkt. No. 127 at 18). The plaintiffs argue that the caption "serves the important purpose of indicating that the motion is not junk mail." (Dkt. No. 136 at 6).

Here again, district courts are split. Compare Shipes v. Amurcon Corp., No. 10-14943, 2012 WL 1720615, at *1 (E.D. Mich. May

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

### MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

16, 2012) ("The case caption does not give the false impression that the Court endorses the litigation; rather, it serves the important purpose of indicating that the Notice is not junk mail.") with Flores v. Lifeway Foods, Inc., 289 F.Supp.2d 1042, 1047 (N.D. Ill. 2003) (holding proposed notice with case caption "is likely to be misunderstood as a representation that the suit probably has merit." (citation omitted)).

After a careful review of the relevant authority, the Court concludes that the case caption does not suggest any judicial bias. The notice is styled as any other pleading and does not appear to be a letter or other communication issued directly by the Court. See, e.g., Jirak, 566 F.Supp.2d at 851 (as long as the entire case caption is at the top of the first page of the Collective Action Notice, it is clear that the Notice is a court document and not a letter from the court). Moreover, on the first page, the plaintiffs' proposed notice includes the statement that "**THE COURT HAS MADE NO DECISION IN THIS LAWSUIT ABOUT THE MERITS OF THE PLAINTIFFS' CLAIMS OR THE DEFENDANTS' DEFENSES.**" (Dkt. No. 136-1 at 1). This provision serves as a clear indication of the Court's neutrality and should "alleviate[]" the defendants' "concern . . . about the appearance of judicial bias." Shipes, 2012 WL 1720615, at

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

*1; see also Boyd v. Jupiter Alum. Corp., No. 2:05-227, 2006 WL 1518987, at *6 (N.D. Ind. May 31, 2006) (case caption does not suggest judicial sponsorship of plaintiff's claims and any prejudice is cured by disclaimer). Accordingly, the Court **OVERRULES** the defendants' objection to the case caption.

### viii. Communication with Counsel

Presumably in response to the statement in the notice that "[y]ou may call Plaintiffs' Counsel with any questions or concerns," (dkt. no. 136-1 at 3), the defendants ask the Court to enter an order prohibiting the plaintiffs' counsel from "communicating with any putative opt-in plaintiff (1) to whom a Notice of Pendency of the Lawsuit has been sent, and (2) who has not filed a Plaintiffs' Consent Form with the Court, at any time after the Notice of Pendency of the Lawsuit has been sent . . . except to answer questions regarding the notice." (Dkt. No. 127 at 23). The plaintiffs argue that they have not "engaged in any improper action or inaccurate communication," and as such the Court should not limit communications. Barton v. The Pantry, Inc, No. 1:04-748, 2006 WL 2568462, at *2 (M.D.N.C. 2006).

In order for the Court to issue a restraint on communications with a putative class, it "must be based upon a clear record and

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

### MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]

specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 101 (1981). The Court will not sanction such a restraint simply based on the defendants' unsubstantiated fears that the plaintiffs' counsel may overreach. The Court thus **DENIES** the defendants' objection.

### ix. Information to Facilitate Notice

In their opening brief, the plaintiffs requested that the defendants be ordered to provide "the names and last known contact information, including addresses and email addresses, and last four digits of social security numbers of all persons employed by them as Customer Service Call Center Employees in West Virginia within the last 3 years." (Dkt. No. 106 at 23). After explaining that they did not have any of their employees' email addresses, the defendants proposed that they should instead be required to provide "only the names and mailing addresses" of the putative class "for notification by first class mail." (Dkt. No. 127 at 22). They agreed to provide the last four digits of the social security numbers only if notices to specific individuals were returned as undeliverable. <u>Id.</u> As another compromise, the plaintiffs request the Court to require the defendants to also present the social

BYARD, ET AL. v. VERIZON WV, ET AL.                    1:11CV132

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

security numbers "on day 25 following the mailing for any individuals who have not submitted a Plaintiff Consent Form by that time." (Dkt. No. 136 at 14).

The defendants' employees clearly have substantial privacy concerns associated with their social security numbers. See, e.g., Calderon v. Geico General Ins. Co., No. 10-1958, 2011 WL 98197, at *9 (D. Md. Jan. 12, 2011). This Court has previously held that the plaintiffs must "establish[] a need" for this type of information before it may be turned over. Ruffin v. Entertainment of the Eastern Panhandle, No. 3:11-19, 2012 WL 761659, at *6 n.2 (citing Faust, 2011 WL 5244421, at *6 n. 13). Although the return of the notice as undeliverable may establish such a need, the simple failure of a putative plaintiff to respond does not. See generally Bredbenner v. Liberty Travel, Inc., No. 09-CV-00905, 2009 WL 2391279, at *3 n. 3 (D.N.J. July 31, 2009) ("Courts generally release social security numbers only after notification via first class mail proves insufficient."); Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 500 (D. Neb. Dec. 11, 2009) (declaring that first class mail would be sufficient because "[t]here is no evidence personal mailing will be an unreliable means of delivering notice to the putative plaintiffs"). The Court thus **FINDS** that the

**BYARD, ET AL. v. VERIZON WV, ET AL.**                              **1:11CV132**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

plaintiffs have not established a need for the social security numbers of the putative class members and that the other information requested is sufficient to provide notice to the opt-in class.

Consequently, the Court **ORDERS** the defendants to provide, within ten (10) days from the date of this Order, the names and last known mailing addresses of the putative class members in electronic and importable format. The plaintiffs shall immediately advise the defendants if notice to specific individuals is returned as undeliverable. Within five (5) days of being so advised, the defendants shall turn over the last four digits of the employees' social security numbers. The defendants' objection is therefore **SUSTAINED.**

**V.**

In conclusion, for the reasons discussed, the Court:

1.  **GRANTS IN PART** the plaintiffs' motion for conditional certification and implementation of court-facilitated notice plan (dkt. no. 105);

2.  **CONDITIONALLY CERTIFIES** the plaintiffs' collective action of all current and former hourly customer service employees of Verizon West Virginia Inc., Frontier West

**BYARD, ET AL. v. VERIZON WV, ET AL.**                                    **1:11CV132**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 105]**

Virginia Inc., or Verizon Services Corp., who worked over forty (40) hours a week at a call center in Clarksburg or Charleston, West Virginia within the past three (3) years handling inbound customer service telephone calls or making outbound customer service telephone calls;

3.  **ORDERS** that the plaintiffs shall amend their proposed notice, with the modifications as detailed above, and submit such notice to the Court for final approval by no later than **October 29, 2012**; and

4.  **ORDERS** that **within ten (10) days** of the date of this Order, the defendants shall provide to the plaintiffs the names and last known mailing addresses of the putative class members in electronic and importable format.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: October 24, 2012.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE