FILED

JAN 0 2 2013

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES R. BYARD, DAVID M. BROSIUS,
KIMBERLY A. RAY, STEPHANIE NOW-MCKISIC,
LISA M. THARP, and LYNET WHITE,
Individually and on behalf of others
similarly situated,
     Plaintiffs,

v.                                 Civil Action No.: 1:11CV132

VERIZON WEST VIRGINIA, INC.,
FRONTIER WEST VIRGINIA, INC.,
VERIZON SERVICES CORP.,
     Defendants.

### MEMORANDUM OPINION AND ORDER DECIDING DOCKET ENTRY 143

Pending for decision before the Court is Plaintiffs' Motion To Compel Verizon Services Corp.'s Responses To Plaintiffs' First Set Of Discovery Requests To Defendants [DE 143] filed September 4, 2012.

### I.

### Procedural History

Plaintiffs commenced this civil action in the Circuit Court of Harrison County, West Virginia on August 15, 2011 as a class action complaint against Defendants "to correct alleged unlawful payroll practices based upon ... failure to pay for all compensable work time" under the West Virginia Wage Payment and Collection Act [WPCA]. Plaintiffs contend they and other similarly situated employees work at Verizon's Charleston and Clarksburg Call Centers "were, are and will be required to clock in to work at any interval of time before or after their scheduled start time, but [were] not compensated for such time due to Verizon's practice of rounding compensable time." Defendants removed the case to federal court on August 15, 2011 [DE 1]. June 1, 2012 Plaintiffs

filed and served their first set of discovery requests on Defendants [DE 70] .  On June 22, 2012 Plaintiffs served on Defendants two notices of 30(b)(6) depositions [DE 86 and 87].  After various motions were heard and decided by the District Judge including a motion to remand the case to State Court, Plaintiffs filed an amended complaint asserting additional claims under federal law [DE 51] and the Court entered a summary order on July 6, 2012 directing that all discovery be completed by March 13, 2013 [DE 113].  Defendants Verizon Services Corp and Frontier West Virginia, Inc. each filed their responses and objections to Plaintiffs' First Set or Interrogatories and First Requests for Production of Documents [DE 123, 124] and Defendant Frontier West Virginia, Inc. filed its objections to Plaintiffs' Notice of Videotaped Rule 30(b)(6) deposition [DE 126] on August 6, 2012. As noted, Verizon Services Corp. Filed its response to Plaintiffs' Motion To Compel on September 18, 2012 [DE 160].  Plaintiffs filed their reply on September 26, 2012 [DE 163].

The District Judge referred the within discovery dispute to the magistrate judge by order dated October 3, 2012 [DE 176].  After an extension of time to respond, Frontier West Virginia Inc. filed its response to Plaintiffs' Motion To Compel on October 16, 2012 [DE 180] to which Plaintiffs replied on October 24, 2012 [DE 182].  By Order dated October 24, 2012 the Court confirmed the agreement of Plaintiffs and Defendant Frontier West Virginia Inc. to the conditional withdrawal of the pending motion to compel [DE 144].  By Order dated October 25, 2012 [DE 189] a hearing was scheduled for November 5, 2012 on the remaining pending Motion To Compel [DE 143].

On November 5, 2012 the Court heard the parties relative to the issues raised by Plaintiffs' Motion To Compel [DE 143] and took the matter under consideration.  Pursuant to instructions given during the hearing to counsel for Plaintiffs and to counsel for Defendant Verizon West Virginia, Inc. the Court received post hearing citations of additional authority and unredacted documents claimed privileged for *in camera* review.

## II.

## Discovery At Issue

**Interrogatory 1: Identify the time-keeping or payroll system used for recording time for named Plaintiffs' and opt-in Plaintiffs for purposes of payroll.**

Defendant objected and responded.  In the objection, Defendant, in addition to the general objections, specifically objected that the interrogatory was not relevant to the claims or defenses of any party to the extent it seeks information about recording time on days when the Plaintiffs' job duties did not involve handling customer calls.  Defendant responded : "the named Plaintiffs and Opt-in Plaintiffs logged into and out of the phone system to record their time entries for payroll purposes on days when their job duties involved handling customer calls.  Between approximately May 29, 2009 and April 27, 2010, the RT-WIN phone system was used by the Named Plaintiffs, Opt-in Plaintiffs, and other Consultants at Defendant's Clarksburg, West Virginia Call center.  Consultants employed at Defendant's  Clarksburg, West Virginia have used the Avaya IP ACD phone system to record their time entries.

During oral argument The parties argued three disputed areas: 1) Another system of keeping track of payroll when people are not on calls and the right to know "every means in which a plaintiff who is an opt-in plaintiff, they recorded their time ... for that three year period [DE 234, p. 48, 50, 58-59]; 2) Defendants' objection that they should not be required to produce information for the Charleston, WV call center since it was owned for part of the relevant time period by another Verizon entity who is not a party to this civil action which later merged with Frontier and Frontier, a party, disclaims possession of pre-merger documentation or information [DE 234, p. 48-49]; and 3) Defendants should not be permitted to arbitrarily limit their response on policy matters to the statute of limitations period but should instead be required to produce for a longer period of time

[plaintiffs contend seven years to infinity depending on the inquiry and defendants contend three years][DE 234, 50].

However, Verizon represents it can obtain the records from the non-party Verizon [DE 234, p. 54]. Verizon also says it "can agree to supplement [it's] response to withdraw the objection for days when their job involved handling customer calls, and provide information for the folks that we now know are members of the class - - we know the range of who could be members of the class and provide the systems for those days." [DE 234, p. 60].

**Interrogatory 2: Identify the names, last known addresses, and phone numbers for all consultants or customer service representatives, including any of the Defendants' job positions with substantially similar titles or duties in West Virginia, employed in any of Defendants' West Virginia call centers from 2007 to the present.**

Defendant objected and responded.  In addition to the general objections incorporated by reference, Defendant claimed the interrogatory was over broad and not reasonably calculated to lead to discovery of admissible evidence because it seeks information outside the statute of limitations period (i.e. prior to May 29, 2009).  Defendant also claims the language "substantially similar titles or duties" is vague; that the request seeks confidential information about third parties that was entrusted to Defendant and is protected by a right to privacy under West Virginia law.  Defendant responded: "[I]t will produce the names and last known addresses of employees who worked as Consultants in Defendant's Clarksburg, West Virginia call center between May 29, 2009 and the present if directed to do so by the Court in connection with a decision on Plaintiffs' Motion for Conditional Class Certification.

Plaintiffs withdrew the motion to compel with regard to Interrogatory 2 at the hearing. [DE 234, p. 61].

**Interrogatory 3: Identify the electronic format in which the documents responsive to Request for Productions Nos. 1 and 14 are stored.**

In addition to the general objections incorporated by reference, Defendant responded that "to the extent electronically stored information is responsive and produced in response to Plaintiffs' Request for Production Nos. 1 and 14 and Plaintiffs cannot discern the formats of the produced documents, Defendant will meet and confer with Plaintiffs to identify the applicable format.

Plaintiffs withdrew the motion to compel with regard to Interrogatory 3 at the hearing. [DE 234, p. 61].

**Request 1: Please produce all time and payroll records relating to all named Plaintiffs and op-in Plaintiffs.**

In addition to the general objections incorporated by reference, Defendant further objected that the request was over broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks time and payroll records for time periods beyond the statute of limitations and that the request is vague in seeking "all timekeeping and payroll records" without limitation. Defendant responded that it would "produce payroll records, schedules, and network log-on data for the Named Plaintiffs and Opt-in Plaintiffs between May 29, 2009 and the present.

During the hearing, Plaintiffs and Verizon Defendants agreed that Defendant was not refusing to provide the information requested with respect to the Clarksburg Call Center but that Verizon Defendants did not maintain such records as an ordinary course of business prior to May 2011 and efforts to retrieve the data for the period since May 2011 resulted in the system repeatedly crashing resulting in incomplete and delayed productions. [DE 234, p. 63-68].

**Request 2: Please produce any user manuals or design manuals for the time-keeping or payroll system used for recording time for named Plaintiffs and Opt-in Plaintiffs for**

**purposes of payroll.**

In addition to the general objections incorporated by reference, Defendant further objected that the request was over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks user manuals and design manuals for the entire "time-keeping or payroll system," without limitation. Defendant responded that it would produce relevant portions of any user or instruction manuals for the timekeeping or payroll software used to record the time of the Named Plaintiffs and Opt-in Plaintiffs between May 29, 2009 and the present.

During the hearing the Verizon Defendants reported that they began their investigation in July 2012 for design and user manuals and had produced some documents [Avaya manual = Bates 6666 through 6728]. They are continuing to seek additional manuals to the extent there may be any. Counsel for Verizon stated: [W]e will supplement our response to Request Nujmber 1 to list any systems not previously included so that whatever time scope the Court orders - - and we had agree to produce instruction manuals for the timekeeping or payroll systems, you know, identified in that Request Number 1 as well"]. [DE 234, p. 69-71]. Plaintiffs assert 7 years and Defendants assert 5 years. [De 234, p. 72-73].

**Request 3: Please produce all documents concerning or relating to the policies or practices regarding recording and compensating of time applicable to named Plaintiffs, and opt-in Plaintiffs, by Defendants including but not limited to the creation, implementation, and results of preliminary and post-liminary policies and practices as described in the First Amended Complaint.**

In addition to the general objections incorporated by reference, Defendant further objected that the request for documents related to the "creation, implementation, and results of preliminary and post-liminary policies and practices as described in the First Amended Complaint" do not exist.

Defendant responded that it would produce documents that reflect policies and practices regarding recording time and compensation that were/are applicable to the Named Plaintiffs and Opt-in Plaintiffs during their employment at Defendant's Clarksburg, West Virginia call center between May 29, 2009 and the present.

At the hearing it became apparent that Defendants Verizon understood the request and produced the documents that were responsive for the time limits they set [s/l] and limited to Clarksburg.  The sole remaining issue is the temporal and geographic issues. [DE 234, p. 71-77].

**Request 4: Please produce all documents concerning or relating to policies or practices applicable to named Plaintiffs, and opt-in Plaintiffs, regarding Defendants' rounding of time, including but not limited to the creation, implementation and results of such policies and practices, such results including but not limited to the effect on payroll and cost savings to Defendants.**

In addition to the general objections incorporated by reference, Defendant further objected that the that the request was vague and over broad in seeking documents "concerning or relating to ... the results ... including ... the effect on payroll and cost savings" of any policies or practices concerning rounding of time because Defendant cannot discern from the request what documents Plaintiffs are seeking.  Notwithstanding the objections, Defendant agreed to "produce documents that reflect policies or practices that relate to rounding of time, to the extent any exist, that were applicable to the Named Plaintiffs and Opt-in Plaintiffs during their employment at Defendant's Clarksburg, West Virginia call center between May 29, 2009 and the present."

 Plaintiffs contend they are entitled to the requested information for the entire time Defendants may have been using the rounding system because it was implemented for the sole purpose of saving payroll and if memos or documents exists that suggest a particular system should be used because

it would save payroll, that information should be discovered by Plaintiffs because it goes to proof of the willfulness issue.  DE 234, p. 78-80, 81.   Plaintiffs further argue that the heavily redacted "Workbrain Feeder Rounding Analysis" power point presentation dated November 15, 2010 is not responsive because of the redactions.  Plaintiffs believe this was an internal Verizon analysis of multiple systems which was used in the process of Verizon's deciding what system to use.  DE 234, p. 81.  Plaintiff's further contend that Defendants did not file a privilege log with respect to the redacted documents.  DE 234, p. 82.

Defendants contended the documents were properly redacted of non-relevant information. The undersigned directed the Defendants to provide citations of authority for the non-relevant information redaction.  Accordingly, Plaintiffs' motion to compel production of the documents at issue without redaction of the areas shaded in pink is denied.

**Request 5: Please produce all documents concerning or relating to any products or services sold or leased to Defendants, or any of their parent or subsidiary corporations, relating to Defendants' timekeeping and payroll functions.  Also include requests for proposals and responses thereto, sales booklets, brochures and related materials, sales orders, purchase orders, contracts or other agreements, and communications or correspondence including but not limited to promises and assessments of cost savings to Defendants.**

In addition to the general objections incorporated by reference, Defendant further objected that the  "Request is over broad and irrelevant to any party's claims or defenses because it seeks documents concerning products or services leased or sold to 'any of [Defendant's] parent or subsidiary corporations' which are not parties to this action."  Defendant also objects that the request is vague, over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence "because it seeks documents relating to products or services sold or leased to

Defendant concerning its 'payroll and timekeeping functions,' without limitation"; "is not limited to any time period, call center location, or timekeeping or payroll function at issue in this case"; and seeks confidential and proprietary business information and trade secrets.

**Request 6: Please produce all complaints filed on behalf of an employee or employees of Defendants, or any of their parent or subsidiary corporations, in state or federal court or with an administrative body concerning or relating to Defendants' policies or practices regarding preliminary and post-liminary work or rounding or compensable time as described in the First Amended Complaint from January 1, 2000, to the present.**

In addition to the general objections incorporated by reference, Defendant further objected that the "Request is over broad and irrelevant to any party's claims or defenses because it seeks documents concerning employees of 'any of [Defendant's] parent or subsidiary corporations' which are not parties to this action." Defendant also objects because the request seeks documents reflecting complaints made at call centers other than Verizon Services' Clarksburg, West Virginia call center; seeks documents outside of the relevant statute of limitations period.   Notwithstanding the objections, Defendant responded: "that no federal or state court complaints, or complaints to administrative agencies, other than the present litigation, were filed against Defendant by or on behalf of any Consultants employed at Defendant's Clarksburg, West Virginia call center between May 29, 2009 and the present concerning preliminary and post-liminary work or rounding of time."

**Request 7: Please produce all documents concerning or relating to any audits, inquiries or civil or criminal investigations initiated by any government agency relating to Defendants', or any of their parent or subsidiary corporation', policies or practices regarding preliminary and post-liminary work or rounding of compensable time as described in the First Amended Complaint from January 1, 2000, to the present.**

In addition to the general objections incorporated by reference, Defendant further objected that the "Request is over broad and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence "because  it seeks documents concerning any of [Defendant's] parent or subsidiary corporations which are not parties to this action;" because it seeks documents "relating to call centers other than Defendant's Clarksburg, West Virginia call center"; and because it seeks documents from outside of the relevant statute of limitations period.  Notwithstanding the objections Defendant responded stating: "there were no audits, inquiries or civil or criminal investigations initiated by any government agency concerning or relating to preliminary and post-liminary work or rounding of time at Defendant's Clarksburg, West Virginia call center between May 29, 2009 and the present."

**Request 8: Please produce all requests for private letter rulings, approvals, or other state or Federal governmental sanction of Defendants' preliminary, post-liminary and payroll practices.**

In addition to the general objections incorporated by reference and without waiving objection, Defendant responded: "it did not make any requests for private letter rulings or approvals, or seek other State or Federal governmental sanctions related to any policies or practices in effect at Defendants' Clarksburg, West Virginia call center between May 29,2009 and the present."

**Request 9: Please produce all documents concerning ro relating to informal complaints made verbally or in writing directly to Defendants by, or on behalf of, an employee or employees relating to Defendants', or any other their parent or subsidiary corporations', policies or practices regarding preliminary or post-liminary work or rounding of compensable time as described in the First Amended Complaint from January 1, 2000, to the present.**

In addition to the general objections incorporated by reference, Defendant further objected

that the "Request is over broad and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence "because it seeks documents concerning any of [Defendant's] parent or subsidiary corporations which are not parties to this action", documents relating to call centers other than Defendant's Clarksburg, West Virginia call center, and, documents from outside of the relevant statute of limitations time period. Without waiving objections Defendant responded that it would produce documents that reflect complaints made by or on behalf of Consultants who were employed at Verizon Services' Clarksburg, West Virginia call center between May 29, 2009 and the present concerning preliminary or post-liminary work or rounding of time.

**Request 10: Please produce all documents that support any assertion by Defendants that the rounding policy applicable to named Plaintiffs and opt-in Plaintiffs complies with the Fair Labor Standards Act.**

In addition to the general objections incorporated by reference, Defendant further objected that the documents requested were protected under the attorney client privilege and work product doctrine or other privilege or protection afforded by law. Defendant also objects that the request seeks documents that are publicly available.  Without waiving objections, Defendant agreed to produce "non-privileged, non-publically available documents that demonstrate that the named Plaintiffs, Opt-in Plaintiffs, and consultants who were employed at Defendant's Clarksburg, West Virginia call center between May 29, 2009 and the present were paid properly in accordance with the Fair Labor Standards Act."

**Request 11: Please produce all documents that support any assertion by Defendants that preliminary and post-liminary work applicable to named Plaintiffs and Opt-in Plaintiffs, complies with the Fair Labor Standards Act.**

In addition to the general objections incorporated by reference, Defendant further objected

that the documents requested were protected under the attorney client privilege and work product doctrine or other privilege or protection afforded by law. Defendant also objects that the request seeks documents that are publicly available. Without waiving objections, Defendant agreed to produce "non-privileged, non-publically available documents that demonstrate that the named Plaintiffs, Opt-in Plaintiffs, and consultants who were employed at Verizon Services' Clarksburg, West Virginia call center between May 29, 2009 and the present were paid properly in accordance with the Fair Labor Standards Act."

**Request 12: If you intend to assert the "advice of counsel" as a defense to any claim of a willful violation of the Fair Labor Standards Act in this case, please produce any such legal opinion.**

In addition to the general objections incorporated by reference, Defendant further objected that the request is premature in that Defendant has not yet finalized the defenses it intends to pursue in the action and that the request assumes Defendant committed a violation of the Fair Labor Standards Act which Defendant denies. Without waiving its objections, Defendant responds that "at this time, it does not intend to pursue an 'advice of counsel' defense."

**Request 13: If you intend to assert the "advice of counsel" as a defense to any claim of a willful violation of the Fair Labor Standards Act in this case, please produce any such legal opinion.**

Defendant asserts the same objections and response to this request as it did to Request 12.

**Request 14: If you contend that the payroll and time-recording practices applicable to all consultants or customer service representatives, including any of the Defendants' job positions with substantially similar titles or duties in West Virginia, employed in any of Defendants' West Virginia call centers, were not uniformly or consistently applied to those employees,**

please produce all documents supporting such contentions.

In addition to the general objections incorporated by reference, Defendant further objected that the request "is over broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning individuals other than the Named Plaintiffs, Opt-in Plaintiffs, or Consultants employed at Defendant's Clarksburg, West Virginia call center between May 29, 2009 and the present" and because it seeks information about payroll and time-keeping practices for time periods beyond the statute of limitations (i.e., prior to May 29, 2009). Without waiving objections, Defendant responded that it would "produce relevant documents reflecting the payroll and timekeeping policies and practices that were applicable to the Named Plaintiffs during their employment at Defendant's Clarksburg, West Virginia call center between May 29, 2009 and the present."

## Notice of 30(b)(6) Depositions At Issue

Plaintiffs also seek an order compelling Defendant VSC "to designate a corporate representative(s) to testify fully and completely" in response to the Notice of Videotaped Rule 30(b)(6) deposition.

Defendant contends:

1. The motion is premature because "a motion to compel a deposition should not be filed prior to the date set forth in the deposition notice, when the corporation has an opportunity to designate its witnesses."

2. The notice of 30(b)(6) deposition is not specific and the description of the topics do not describe with particularity the matters for examination or are overly broad.

3. The objections should be made at the time of the taking of the depositions.

**III.**

## Issues Raised

1.      What is the appropriate time frame covered by discovery requests [temporal issue]?

2.      What is the appropriate geographic limitations for the discovery requests [geographic issue]?

3.      Did Plaintiffs fail to meet and confer [good faith]?

4.      Is the notice of 30(b)(6) notice of depositions voided by Plaintiffs' failure to include a day certain for the taking of the depositions in the notice?

5.      Did Defendants waive their right to file a privilege log and / or are the redactions made in the produced slide shows presentations proper?

## IV.

## Discussion

**Good Faith**

L.R.Civ.P. 26.04(b) provides: "**Duty to Meet**: Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting." The Local Rule augments and reinforces F.R.Civ.P. 26(c)(1) and 37(d)(1)(B)which provide: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." and "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

The rules do not outline a step by step process that parties must follow in order to be compliant. The rules do not require success in the meet and confer as a pre-requisite to filing of a

motion to compel.  The rules do not micro-manage the meet and confer process.  The rules taken together simply require that the parties in 1) "good faith" confer or attempt to confer 2) in person or by telephone 3) in an effort to resolve the dispute without court action.

The parties agree that a telephone conference took place on Monday, August 27, 2012 in the morning wherein the discovery issues were the subject of discussion.  The gist of Defendants' dispute with the good faith or bona fides of Plaintiffs' certification that a meet and confer had occurred is Plaintiffs' refusal or failure to provide Defendants with a written statement detailing the deficiencies claimed with respect to Defendants' responses to the discovery requests prior to that meeting.

Defendants cite  a number of cases in support of their contention that no meaningful meet and confer took place prior to filing the motion to compel.  In Forest River Housing, Inc. v. Patriot Homes, Inc., 2007 WL 1376289, the N. D. Indiana magistrate judge concluded: " This Court has no transcript or other evidence to objectively analyze the April 18, 2007, conversation.  The discrepancies between the parties as to the purpose and content of that conversation, though, indicates that whatever communication took place on April 18, 2007, was not a genuine two-way communication or meaningful dialogue with an eye toward resolving the issues."  He further found that "two emails, one sent by the Forest River and another by Patriot do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."  In Tustin v. Motorists Mut. Ins. Co., 2009 WL 3335060, the N.D.W.V. magistrate Judge found: "This Court finds that Plaintiff met Rule 37 and the duty to confer. Plaintiff's counsel sent a letter to counsel for Defendant dated Wednesday, July 29, 2009, which stated that the letter was "plaintiff's effort pursuant to [Rule 37] and Local Rule of Civil Procedure 37.02 to resolve a dispute over Motorists' 'Answers to Plaintiff's Request for Admission and Associated Interrogatories Directed to Defendant,' " [FN14] set

a deadline for response, and specifically detailed the insufficiencies of the responses to Requests for Admission. Using a totality of circumstances test, this Court found, and was affirmed by the District Court, that a letter similar to the one sent by Plaintiff's counsel met the good faith requirement under both the Federal Rules and Local Rules of Civil Procedure. _Kidwiler_, 192 F.R.D. at 197. Unlike the case at bar, in _Kidwiler_, plaintiff counsel's letter was "plaintiff's only attempt to resolve the discovery dispute without court action." _Id._ However, in the case at bar, Plaintiff's counsel followed the letter with a telephone call on Friday, July 31."

The parties and the magistrate judge can only speculate whether production of a written outline of specific issues Plaintiffs had with Defendants' responses would have resulted in a more successful meet and confer on the 27th . Like Forest River Housing, Inc., _supra,_ the undersigned does not have a transcript of the telephone call meeting.  "It is not unusual for discovery issues to remain at the conclusion of a meet-and-confer; the presence of remaining issues does not serve as the standard against which the Court determines whether a meet-and-confer has taken place." O'Neal v. Capital One Auto Finance, Inc., 2011 WL 3877083 N.D.W.V., August 31, 2011.  Given the level of dispute, distrust and protection of client interests exhibited by the parties counsel in the pending motions over discovery, success of a meet and confer without court intervention was likely doomed no matter what level of detail would have been provided.

Based on this hearing testimony as well as evidence presented in the pleadings, the undersigned magistrate judge finds that Plaintiffs complied with the rules and properly certified a "meet and confer" had taken place on August 27, 2012 by telephone [DE 143, p.19-20] and further finds that Plaintiffs' counsel has met burden of demonstrating a good faith effort to meet and confer with opposing counsel before filing the Motion to Compel.  This ruling does not sanction the actions of counsel for the parties of this action as a future model of how attorneys should execute their duty

to meet and confer.

## 30(b)(6) Depositions

F.R.Civ.P. 30(b)(1) provides: *Notice in General*. A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

F.R.Civ.P. 30(b)(6) provides: *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

The commentary on (b)(6) notes in part: "The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a 'managing agent.' It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it."

The commentary on (b)(1) notes in part: "If a subpoena duces tecum is to be served, a copy thereof or a designation of the materials to be produced must accompany the notice. Each party is thereby enabled to prepare for the deposition more effectively."

F.R.Civ.P. 37(a)(3)(B)(ii) provides: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (ii) a corporation of other entity fails to make a designation under Rule 30(b)(6) ...;"

This motion is made almost as an afterthought in the original filing: "Because VSC's general and specific objections to Plaintiffs' First Set of Discovery Requests to Defendants and Notice of Videotaped Rule 30(b)(6) Deposition are all boilerplate objections unsupported by any affidavits, evidence or privilege logs as required by this Court, all of VSC;s objections should be waived. ... VSC should be compelled to ... to designate a corporate representative(s) to testify fully and completely." [DE 143, p. 19].

It is undisputed, the original notice at issue did not provide a date, time and place for the taking of the 30(b)(6) depositions. Plaintiffs explain that it was the expressed intent to reach a mutually agreeable time, date and place to hold the depositions once the Defendant designated the witnesses to be deposed. After the notice of depositions was issued, Defendants designated corporate witnesses to provide testimony. Defendants also objected to the scope or subject matters of the depositions.

Thereafter, the parties "bickered" over the scope of the discovery. Plaintiffs explain that for five months after the notice of deposition was served [the notice set forth the subjects Plaintiffs wanted to explore in the depositions] the discussions were about the scope of the inquiry noticed and Defendants' objections and not about the lack of a time, date and place in the notice. Only when the parties were unable to agree on the objections and scope of the depositions did Defendant then object to the notice.

The Court agrees with Plaintiffs that it makes no practical sense to throw out the original notice of 30(b)(6) deposition because it did not specify a time, date and place. Courts have "broad discretion in [their] resolution of discovery problems arising in cases before [them]." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir.2003) (alterations in original; internal quotation marks omitted). While the notice of 30(b)(6) depositions in this case is inadequate

under the rule, the Court does not want to discourage the parties from working with each other to settle on dates, times and places which would accommodate counsel and the witnesses' schedules. In the absence of such common sense agreement by the parties, the Court can provide a framework within which to conduct the depositions.

The root of the dispute is not the time, date or place or lack thereof in the notice. Instead, the dispute is over what subjects and for what time periods the designated witnesses are being expected to testify. Those are the same issues raised in Defendants' objections to the requests for production of documents and other discovery. (*See* DE 143, Ex. B, Letter dated August 21, 2012).

## Relevance

With respect to relevance, as a general rule, a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, conditon and location of any documents or other tangible things tand the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. " <u>Fed.R.Civ.P. 26(b)(1)</u>. In addition, "the discovery rules are given 'a broad and liberal treatment.' " <u>*Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.,* 967 F.2d 980, 983 (4th Cir.1992)</u> (quoting <u>*Hickman v. Taylor,* 329 U.S. 495, 507 (1947)</u>). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence <u>Fed.R.Civ.P. 26(b)(1)</u>. In keeping with this broad definition of relevance, this Court finds the interrogatories in question are designed to discover such relevant evidence. Although Defendant claims that the only issue in this case is the insurance policy signed by the parties, the requested information is relevant to Plaintiff's

argument that it should not have denied coverage to Total Safety."

**Undue Burden**

With respect to Defendant Westchester's undue burden argument regarding these interrogatories, the Federal Rules of Civil Procedure indicate the Court can limit a discovery request if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)( C )(iii). When a claim that responding to a request would be overly burdensome is raised, the burden is on the party who has raised such an objection to prove that it is overly burdensome. *Capital One Bank, USA v. Hess Kennedy Chartered, LLC,* No. 3:08CV147, 2008 WL 4467160, at *3 (E.D.Va. Sept. 30, 2008).

In the instant case, Plaintiffs' argument that the discovery sought is relevant to the issue of motive and intent of Defendants in adopting the rounding procedures used at the Clarksburg and Charleston, West Virginia call centers is compelling.  Defendants have not shown any undue burden in obtaining the requested information.

**Temporal and Geographic Limitations of Discovery**

Temporal

Defendants generally oppose discovery outside of the statute of limitations for claims of the Plaintiffs and Opt-in Plaintiffs.  They contend that as a collective action, the earliest date for statute of limitations basis is May 29, 2009 (that being three years from the date of the first filed consent form).  On the other hand, Plaintiffs generally seek discovery for a much broader period which ranges from seven years  back from the filing date to earlier dates claiming the need for such discovery on the issue of willfulness under FLSA.

Defendant cited a number of case decisions supporting their contention that the appropriate temporal period was three years. Of the cases cited, only one dealt with claims under the FLSA. In Long v. Landvest Corp., 2006 WL 897612 the magistrate judge held: "As the FLSA allows for recovery for willful violations for a period of three years, the Court finds that discovery covering the three-year period prior to Plaintiff's termination to be a reasonable discovery period." The discovery being sought related the management agreements for all self storage facilities managed by Landvest for a period of ten years prior to termination of employment.

The burden for the court is always balancing the burden on the defendant against the clear relevance of the information being sought. Clarke v. Mellon Bank, 1993 WL 170950 E.D.Pa. May 11, 1993. In the instant case, Defendants have failed to articulate how they are burdened by producing the information requested beyond the three year statute of limitations period.

Plaintiffs rely on Hammond v. Lowe's Home Centers, Inc., 216 F.R.D. 666, 675-76 (D. Kan. 2003 wherein the magistrate judge in a wage and hour FLSA case held:  "(1) employer did not demonstrate that interrogatories were not relevant; (2) overly broad interrogatories could be cured by limiting their temporal scope; and (3) interrogatories were not unduly burdensome ." Plaintiffs also rely on Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 649, 655 & n. 29 (D. Kan. 2004) wherein the magistrate judge held: "(1) interrogatory and request for production of documents asking for information on other charges of age and sex discrimination filed against employer with any state or federal regulatory body or court, sought relevant information; (2) employer's business support services unit was the appropriate employing unit for limiting the geographic scope of plaintiff's interrogatory and request for production asking for information on other charges of age ans sex discrimination; and (3) interrogatory and request for production seeking information on other charges of age and sex discrimination against employer were not overly broad in temporal scope." Citing

a number of cases in FN 29, the magistrate judge found "courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period" by "(balancing) the clear relevance of the information against the burden on the defendant."

Plaintiffs argue they need information concerning the decision making process and rationales used or adopted by Defendants in deciding to apply the rounding of time system which Plaintiffs claim caused them to be paid less than required under the FLSA. Plaintiffs contend the sole reason Defendants applied the rounding of time system was to save them money on wages. Plaintiffs nor Defendants have advised the Court precisely when the rounding system was put in place at the Charleston and Clarksburg call centers.

In the absence of such information, it seems reasonable and appropriate to limit the temporal scope of the interrogatories and requests for production generally to the following time frame: The earliest of five years prior to May 29, 2009 or five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of rounding employee time at the Clarksburg, WV and/or Charleston, WV call centers.

Such a time frame should allow for the capture of the corporate decision making process leading up to the actual implementation of the complained of practice (rounding). It should also capture any correspondence, manuals, drafts of manuals, policies, draft policies and / or complaints that may have been prepared or filed relating to the planned implementation and the execution of the rounding system or process. Such information is relevant to the willfulness issue.

Geographic

The magistrate judge in reaching the decision in Owens , *supra*, limiting the geographic scope to the employer's business support services unit as opposed to the larger Global Markets Group relied on the fact that it was the smaller employer's business support services unit where the

alleged discriminatory decision making took place; the fact that Owens was a stand alone discrimination case and not a collective action; and that Owens had not shown a particularized need for the broader scope of discovery.

In the instant case, the alleged failure to pay as a result of the rounding process occurred in the Charleston and Clarksburg call centers.

Accordingly, Interrogatories 1, 2, 3, and Requests for Production 1, 2, 3, 4, 10 and 14 are appropriately limited in geographic scope to the Clarksburg and Charleston, WV call center units. Requests for Production 5, 6, 7, 8, 9, and 10 appropriately seek discovery of information that is relevant to the motive, intent and corporate decision making process behind the adoption of the rounding process, goes to the issue of willfulness and is not properly limited in geographic scope to the Charleston and Clarksburg, West Virginia call centers.  It is instead applicable to the global Verizon system during the relevant discovery period established herein.

To the extent Verizon Defendant object that the Charleston WV call center was not under their control during all or a portion of the relevant time period, the undersigned magistrate judge, in rendering this decision, takes Verizon's counsel at his/her word that Verizon has the ability to get the information, to the extent it exists, that is responsive to discovery requests from the parent non-party corporation.

**Privilege Log**

In a post hearing supplemental letter authorized by the magistrate judge, Defendants cited Spano v. Boeing Company, 2008 WL 1774460 (SD Ill April 16, 2008) and Schiller v. City of New York, 2006 WL 3592547 (SD NY December 7, 2006).   DE 234, p. 84-85.  The magistrate judge considered the cases cited.

The undersigned directed production of the document (powerpoint) in question for *in camera*

review.

The same was produced by Defendants electronically post hearing. Defendants produced 4 documents: #8758 PDF redacted to remove "non-responsive information"; #8776 PDF redacted to remove "non-responsive information"; # 8792 PDF redacted to remove "non-responsive and privileged information"; and a letter dated November 6, 2012 explaining the redaction coloring system. In the letter dated November 6, 2012 Defendants claim that two attorneys from Jones Day law firm participated in a November 15, 2010 conference call involving Defendants' payroll department and notes taken by a member of payroll and redacted as privileged [highlighted in pink] allegedly reflect legal advice given by counsel during the call. The remaining redactions which includes most of the substance of the power point presentation is redacted as not relevant because it involved payroll computing systems not in use at either the Clarksburg call center or the Charleston call center during the relevant statute of limitations period.

Spano involved a suit by several employees of Boeing contending that Boeing had breached its fiduciary duties as defined contribution plan administrators under ERISA. Spano and the other plaintiffs were participants in the VIP plan. The contributions in the VIP plan were lumped together with the contributions from other Boeing plans and managed in a Master Trust. The VIP contributions constituted 94% of the Master Trust Assets. During discovery, Boeing produced over 50,000 documents. Many of the documents were redacted. Spano plaintiffs objected to the redactions and moved to compel. The magistrate judge set forth analysis of the two issues: whether redaction of information contended irrelevant is proper and whether the information as redacted was irrelevant. Based on his analysis, he concluded that the method used, to wit: redaction was proper and that the redacted information "regarding non-VIP plans" were not relevant to the subject matter of the complaint. *Id.*

Schiller involved suits by individuals arrested by the City of New York while the plaintiffs were engaged in the WRL [pacifist anti-war organization] protest at the Republican National Convention on August 31, 2004.  Incident to the lawsuits NYC issued subpoenas under Rule 45on WRL and Berrigan and another subpoena on Hedemann of WRL commanding them to appear for depositions and produce "[a]ny and all documents ... that relate or refer to any plans to organize or to engage in civil disobedience, protest(s), march(es), rallies or other events at any time during the Republican National Convention in New York City during the end of August and beginning of September 2004 (including but not limited to the World Trade Center Vigil on 8/31/04)."  Objections were filed to the subpoenas.  The City modified its request in an attempt to assuage concerns of WRL and Berrigan.  Once notified that Hedemann was a plaintiff in the Abdell case, the City withdrew its subpoena and sought the same information through discovery.  Some documents redacted of names of WRL members, "discussions of ideas and political perspectives, possible activities that were not adopted by the WRL and notes about matters unrelated to the August 31, 2004 political activity" were produced.  The City moved to compel production or the unredacted mitutes of all meeting of the WRL "during which there was: (1) any discussion of or planning for the WRL's August 31, 2004 march at Church and Fulton Streets ... or (2) any discussion of the WRL's communication with (or coordination with) the A-31 Action Coalition."  With respect to Hedemann, the City sought his arrest record.  He outlined his arrest record in a response but refused to sign the requested release so the City could obtain his arrest records from various jurisdictions. Recognizing that the plaintiffs had shown a prima facie case for withholding the names of the WRL members at the meeting and that the City had not met its burden of "showing a compelling interest in having discovery."  Based on First Amendment protections recognized in National Association for the Advancement of Colored People v. Alabama ex rel Patterson, 357 U.S. 449 (1958) the

magistrate judge upheld the objection to production of the names and the redaction of the names of the members of WRL members from the minutes produced.  The magistrate judge  found that WRL had produced unredacted minutes of the meeting which reflected the planning of the protest at issue but went on to conclude that the redacted portions of the minutes which dealt with internal political discussions were irrelevant to any issue or defense in the litigation and denied the City's motion to compel production of the redacted portions of the minutes.  Finding the arrest records of Hedemann relevant to his claims of emotional distress, the magistrate judge order Hedemann to provide a release to the City for the arrest records.

Upon review of the green shaded redactions (denoting redacted as not relevant) in #8758, #8792, and #8776 the undersigned finds: 1) that redaction of information that is not relevant is an appropriate method of responding to a request for production of records 2) but, that the redactions within the documents at issue are relevant at the discovery level to the issue of willfulness as they show or tend to show there were other time computation systems available and in use and being considered by the payroll department members of Verizon in comparison to the systems ultimately used or considered for use at the Verizon Call Centers in Clarksburg and Charleston, WV.

The same is not true of the redactions in pink found in documents #8758, #8792 and #8776.  Those redactions denote attorney client advice or opinion work product.  There appears to be no dispute that counsel was present on the phone and participated in the power point presentation run by members of Verizon's payroll department.  There further appears to be no dispute in the letters of counsel sent to the Court in this case dated November 6, 2012, November 12, 2012 and November 14, 2012 that counsel made comments which were noted on the power point presentation notes and appear as shaded pink redactions.

Plaintiffs' argument with respect to the crime fraud exception is unpersuasive.  On review of the materials redacted and shown shaded in pink the undersigned is not able to conclude that a reasonable person examining the withheld information would have a good faith belief that the information revealed evidence of a violation of the law.  In re Grand Jury Investigation, 352 Fed. App'x 805, 808 2009 WL 3969843 (4th Cir. Nov. 20, 2009).

<u>V.</u>

<u>Decision</u>

Based on the foregoing analysis, the undersigned magistrate judge decides DE 143 as follows:

**Interrogatory 1**: Defendants' objections are overruled in part and granted in part and Plaintiffs' motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely answering Interrogatory 1 limited geographically to the Clarksburg and Charleston West Virginia call centers during the earliest of the time periods of: 1) five years prior to May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of rounding employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed.

**Interrogatory 2**: Plaintiffs' motion to compel is denied the same having been rendered moot by Plaintiffs withdrawal of the same during the hearing on the motion.

**Interrogatory 3:** Plaintiffs' motion to compel is denied the same having been rendered moot by Plaintiffs withdrawal of the same during the hearing on the motion.

**Request 1:** Defendants' objections are overruled in part and granted in part.  Plaintiffs' motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file a final supplemental response fully and completely producing the documents responsive to Request 1 limited geographically to the Clarksburg and Charleston West Virginia call centers during the earliest of the time periods of: 1) five years prior to  May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of rounding  employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed.  To the extent such information is not available or retrievable because  Defendants' searches caused their computer systems to crash,  Defendants Verizon shall provide a supplemental response stating in detail therein: 1) how they have conducted  searches for records relevant to Request 1; 2) the problems they encountered in locating and retrieving documents for the herein designated time periods; 3) unequivocally whether or not a further effort on their part will produce additional responsive records and if so, state a date certain within 30 days of the date of this order when such additional records will be produced; and 4) whether records for the Charleston Call Center have been produced relative to Jeff Combs and, if not,  why not.

**Request 2:**   Defendants' objections are overruled in part and granted in part. Plaintiffs' motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 2 limited geographically to the Clarksburg and Charleston West Virginia call centers during the earliest of the time periods of: 1) five years prior to  May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of

rounding employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed.

**Request 3:** Defendants' objections are overruled in part and granted in part. Plaintiffs' motion to compel is granted in part. Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 3 limited geographically to the Clarksburg and Charleston West Virginia call centers during the earliest of the time periods of: 1) five years prior to May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of rounding employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed. Consistent with the analysis herein, Defendants must supplement their responses to Request 3 with the documents for the Charleston, WV Call Center [they said they could get those documents] and for the Clarksburg WV Call Center for the time period herein outlined.

**Request 4:** Except as herein specifically provided Defendants' objections are overruled and Plaintiffs' motion to compel is granted in part. Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 4 limited geographically to the Clarksburg and Charleston West Virginia call centers during the earliest of the time periods of: 1) five years prior to May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of rounding employee time at the Clarksburg, WV and/or Charleston, WV call centers to

the date the complaint in this action was filed.  Moreover, for the reasons hereinbefore set forth Defendants' redaction of those portions of the power  point on grounds of relevancy are overruled and denied and Plaintiffs' motion to compel production of the  documents herein identified as #8758, #8776, and #8792 unredacted as to relevancy (shaded in green) is granted.  Defendants shall forthwith provide copies of the documents to Plaintiffs without redaction of the green shaded material therefrom. For the reasons stated herein, Plaintiffs' motion to compel production of the documents at issue and herein identified as  #8758, #8776, and #8792 without redaction of the areas shaded in pink (denoting  claim of attorney client privilege) is denied.  Upon production of the documents Defendants shall redact those portions shaded in pink prior to production, the same being protected under the attorney client -  opinion work product privilege.

**Request 5:** Defendants' objections are overruled in part and granted in part.  Plaintiffs' motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 5 not  limited geographically to the Clarksburg and Charleston West Virginia call centers. Instead, production shall be for the Verizon system as the same existed during the earliest of the time periods of: 1) five years prior to  May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of  rounding  employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed. Verizon System includes not only the Clarksburg and Charleston call centers but also the subsidiaries, partners, and parent corporations of Verizon.

**Request 6:** Defendants' objections are overruled in part and granted in part.  Plaintiffs'

motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 6 not  limited geographically to the Clarksburg and Charleston West Virginia call centers. Instead, production shall be for the Verizon system as the same existed during the earliest of the time periods of: 1) five years prior to  May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of  rounding  employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed. Verizon System includes not only the Clarksburg and Charleston call centers but also the subsidiaries, partners, and parent corporations of Verizon.

   **Request 7:** Defendants' objections are overruled in part and granted in part.  Plaintiffs' motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 7 not  limited geographically to the Clarksburg and Charleston West Virginia call centers. Instead, production shall be for the Verizon system as the same existed during the earliest of the time periods of: 1) five years prior to  May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of  rounding  employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed. Verizon System includes not only the Clarksburg and Charleston call centers but also the subsidiaries, partners, and parent corporations of Verizon.

   **Request 8:  :** Defendants' objections are overruled in part and granted in part.  Plaintiffs'

motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 8 not  limited geographically to the Clarksburg and Charleston West Virginia call centers. Instead, production shall be for the Verizon system as the same existed during the earliest of the time periods of: 1) five years prior to  May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of  rounding  employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed. Verizon System includes not only the Clarksburg and Charleston call centers but also the subsidiaries, partners, and parent corporations of Verizon.

**Request 9:**  Defendants' objections are overruled in part and granted in part.  Plaintiffs' motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 9 not  limited geographically to the Clarksburg and Charleston West Virginia call centers. Instead, production shall be for the Verizon system as the same existed during the earliest of the time periods of: 1) five years prior to  May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of  rounding  employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed. Verizon System includes not only the Clarksburg and Charleston call centers but also the subsidiaries, partners, and parent corporations of Verizon.

**Request 10:** Defendants' objections are overruled in part and granted in part and Plaintiffs'

motion to compel is granted in part. Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 10 not limited geographically to the Clarksburg and Charleston West Virginia call centers. Instead, production shall be for the Verizon system as the same existed during the earliest of the time periods of: 1) five years prior to May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of rounding employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed.

**Request 11**: Defendants' objections are overruled in part and granted in part and Plaintiffs' motion to compel is granted in part. Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 11 limited geographically to the Clarksburg and Charleston West Virginia call centers.

**Request 12:** Defendants' objections are overruled and Plaintiffs' motion to compel is granted. Within 30 days of the entry date of this Order Defendants shall file and serve a supplemental response fully and completely producing the documents responsive to Request 12 limited geographically to the Clarksburg and Charleston West Virginia call centers. However, if Defendants are not asserting the advice of counsel defense, then they shall unequivocally state the same in their supplemental response[1].

---

[1]The magistrate judge relies on statements made by counsel for the Verizon Defendants to the effect that the advice of counsel defense was not being asserted. If, in fact, those representations are not true, then the ruling with respect to Requests 12 and 13 as well as the redactions claimed as attorney client and opinion work product privilege would be different than herein made.

**Request 13:**   This request is an exact duplicate of Request 12.  Accordingly, the decision and footnote with respect to Request 12 are applicable to Request 13.

**Request 14:**   Defendants' objections are overruled in part and granted in part.  Plaintiffs' motion to compel is granted in part.  Within 30 days of the entry date of this Order Defendants shall file a final supplemental response fully and completely producing the documents responsive to Request 14 limited geographically to the Clarksburg and Charleston West Virginia call centers during the earliest of the time periods of: 1) five years prior to  May 29, 2009 through to the date the complaint was filed in this action or 2) for a period of five years prior to the earliest date that Defendants declare in their supplemental response is the first date they began the practice of rounding  employee time at the Clarksburg, WV and/or Charleston, WV call centers to the date the complaint in this action was filed.  To the extent such information is not available or retrievable because  Defendants' searches caused their computer systems to crash,  Defendants Verizon shall provide a supplemental response stating in detail therein: 1) how they have conducted  searches for records relevant to Request 1and 14; 2) the problems they encountered in locating and retrieving documents for the herein designated time periods; 3) unequivocally whether or not a further effort on their part will produce additional responsive records and if so, state a date certain within 30 days of the date of this order when such additional records will be produced.

**30(b)(6) Depositions:**   The parties will select a date, time and place between February 3, 2013  and February 28, 2013 for the taking of the 30(b)(6) depositions of the witnesses designated by Defendant.  In the event the parties are unable to agree on a date, time and place by noon on January 14, 2013, the Court shall be notified and a conference call will take place at a time specified by the Court for the sole purpose of the Court setting an arbitrary time, date and place for the taking

of said depositions.

**Privilege Log Redactions:**   Defendants redaction of those portions of the power point on grounds of relevancy are overruled and denied and Plaintiffs' motion to compel production of those documents unredacted is granted.  Defendants shall forthwith provide copies of the documents to Plaintiffs without redaction of the green shaded material therefrom.   However, with respect to the portions of the power point redacted pink as attorney client privileged / opinion work product protected, the Defendants may redact those portions (shaded in pink) of the power point prior to production.

**Costs:** Each party shall suffer its own costs relative to the prosecution and defense of the within motion to compel.

For docket entry purposes Plaintiffs' Motion To Compel is **GRANTED IN PART AND DENIED IN PART.**

The Clerk is hereby directed to remove DE 143 from the docket of motions actively pending before the Court.

It is so **ORDERED.**

Dated: January 2, 2013

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE