IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES R. BYARD, DAVID M. BROSIUS,
KIMBERLY A. RAY, STEPHANIE NOW-MCKISIC,
LISA M. THARP, and LYNET WHITE,
Individually and on behalf of others
similarly situated,
    Plaintiffs,

v.                                            Civil Action No.: 1:11CV132

VERIZON WEST VIRGINIA, INC.,
FRONTIER WEST VIRGINIA, INC.,
VERIZON SERVICES CORP.,
    Defendants.

**MEMORANDUM OPINION AND ORDER DECIDING DOCKET ENTRY443**

**I**
**Historical Background**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. The plaintiffs, and the conditionally certified class they represent, are current and former employees of Verizon West Virginia, Inc., Frontier West Virginia, Inc., and Verizon Services Corp. (collectively "the defendants") working in customer service positions at the call centers located in Clarksburg and Charleston, West Virginia. The named plaintiffs currently work or previously worked as Consultants, tasked with taking incoming calls from customers, answering customer service related inquiries, and making sales. They allege that the defendants regularly failed to compensate them for time worked in excess of forty (40) hours per week in violation of the FLSA.

**II**
**Plaintiffs' Motion For Protective Order**

August 5-9, 2013 Defendants Verizon took the depositions of Kimberly Ray, Stephanie

Snow-McKisic and Lisa M. Tharp.

By letter dated August 29, 2013 Plaintiffs designated the entirety of each of the Ray, Snow-McKisic, and Tharp depositions as confidential under the parties' October 24, 2012 Stipulated Protective Order [DE 187]. Verizon objected to the designation of the entirety of the depositions as confidential and demanded withdrawal of the same by letter dated August 29, 2013. Plaintiffs responded by letter dated August 30, 2013. September 3, 2013 Defendant Verizon by counsel responded that the claim of confidentiality over the entirety of the depositions was not appropriate and again recision of the designations. The parties did not meet and confer. No resolution was reached through the exchanges of letters.

After the fact, Plaintiffs represented that they were prepared to offer that they be permitted to use discovery in 10 state court civil actions if Defendants insisted on making the Ray, Snow-McKisic and Tharp depositions public.

September 13, 2013 plaintiffs filed their Motion For Protective Order [DE 443].

September 16, 2013 the court heard arguments on motions, directed Defendant to file its response to DE 443, and took the matter under consideration.

Defendant Verizon filed its response on September 20, 2013 DE 449.

### III.
### Contentions of the Parties

Plaintiffs claimed confidentiality for the entirety of the Ray, Snow-McKisic and Tharp depositions; Defendant objected and insisted on them withdrawing the claim of confidentiality; Defendant refused to negotiate waiving its objections; ergo: Plaintiffs are entitled to a protective order.

Defendant Verizon contends Plaintiffs claimed confidentiality for the entirety of the Ray,

Snow-McKisic and Tharp depositions; Defendant objected and insisted on them withdrawing the claim of confidentiality; Plaintiffs refused making negotiations in a meet and confer a foregone conclusion and failure[1].

## IV
### Discussion

The parties to this civil action agreed to a "Stipulated Protective Order." DE 187. Paragraph 10 of that order provides:

> Any party may designate any portion or **all** of a deposition as "CONFIDENTIAL" by notifying the other parties on the record **during the deposition**. **Alternatively**, such party may **designate information disclosed at such deposition** as "Confidential" by notifying all of the parties in writing, within thirty (30) days of receipt of the deposition transcript of the **specific pages and lines** of the transcript which are to be regarded as "CONFIDENTIAL." [emphasis added].

It is not disputed that during each of the three depositions Plaintiffs' counsel designated certain testimony as confidential. It is also not disputed that those designations later became the subject of Plaintiffs' other Motion For Protective Order filed under seal on August 29, 2013 [DE 427].

On the same date as Plaintiffs filed the other Motion For Protective Order, August 29, 2013, Plaintiffs' counsel sent a letter to Defendant's counsel designating the entirety of the three depositions and their transcripts as confidential.

Plaintiffs' approach is contrary to the clear language of the protective order to which they agreed. Plaintiffs could have designated the entirety of the depositions confidential during the depositions. They did not. Instead, they designated certain portions as confidential.

After the depositions were concluded and within the 30 day period provided, under the

---

[1] The Court sees the cross contentions as: Plaintiffs want everything confidential and refuse to negotiate for anything less and Defendant does not believe there is any basis for negotiation unless Plaintiffs first withdraw from their all or nothing position.

alternative approach provided in paragraph 10, Plaintiffs could have designated "information disclosed at such depositions as 'confidential' by notifying all parties in writing ... of the specific pages and lines of the transcript which are to be regarded as 'confidential." They did not do this. Instead, they declared the entirety of the depositions as confidential.

The language of paragraph 10 evidences intent of the parties to make specific designations for protection, not necessarily everything. It is clear that after the depositions are over and a transcript available, the party seeking confidentially would be in a better position to know and be more precise with respect to what specific information disclosed during the deposition should be protected from disclosure. Such an approach is also consistent with the practice of not interrupting the deposition to engage in a dispute over what is confidential and what is not.

In the alternative, Plaintiffs seek relief under F.R.Civ.P. 26(c). The rule provides in pertinent part: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in thse court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ...."

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. Under that rule, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... specifying terms, including time and place, for the disclosure or discovery." Fed.R.Civ.P. 26(c)(1)(B). The party moving for a protective order bears the burden of establishing good cause. *279 Minter v. Wells Fargo Bank, N.A.,

258 F.R.D. 118, 124 (D.Md.2009); *Ayers v. Continental Cas. Co.,* 240 F.R.D. 216, 221 (N.D.W.Va.2007). In so doing, the moving party "may not rely upon 'stereotyped and conclusory statements.' " *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200, 202 (D.Md.2006) (quoting 8A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2035 (2d ed.1994)). Instead, the movant "must present a 'particular and specific demonstration of fact' as to why a protective order should issue." *Id.* (quoting Wright et al., *supra,* § 2035). " 'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.' " *Id.* (quoting *Merit Indus., Inc. v. Feuer,* 201 F.R.D. 382, 384–85 (E.D.Pa.2001)) see also *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987). Thus, "the standard for issuance of a protective order is high." *Minter,* 258 F.R.D. at 125; *see Natanzon,* 240 F.R.D. at 202 (noting that Rule 26(c)'s good cause requirement "creates a rather high hurdle" for the moving party).

As I explain below, on the record before me, I do not find that Plaintiffs have satisfied their burden of establishing good cause.

Plaintiffs contend "[a]ny dissemination of such information would be harmful to Plaintiffs as it contains sensitive information regarding their medical conditions and their discharge or constructive discharge from employment with Verizon, which is the subject of another action governed by another stipulated protective order. Moreover, Plaintiffs are entitled to protection for such information independently under Rule 26(c) to avoid annoyance, embarrassment, oppression, and /or undue burden or expense." DE 443, p. 1].

No where do Plaintiffs provide "particular, specific facts to show: what harm will be suffered by disclosing the information from each of the three depositions. Plaintiffs fail to provide specific examples of the information within the depositions that would cause harm if made public. Instead

Plaintiffs rely on conclusory statements that the depositions contain information relative to medical conditions and constructive discharge from employment without specifics.

Accordingly, the relief sought by Plaintiffs is not supported by the specific terms of the protective order and Plaintiffs' fall far short of satisfying their burden of establishing good cause.

## V.
## Decision and Order

For the reasons stated herein Plaintiffs' Motion For Protective Order [DE 443] is **DENIED.**

The clerk is directed to remove DE 443 from the docket of motions actively pending before the court.

It is so **ORDERED**.

Dated: 15 October 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE